Don-Rae Corp. et al., Plaintiffs, *v.* New Rochelle Hospital Association, Inc., Defendant.

City Court of New Rochelle, April 9, 1947.

*M. Morton Edmiston, Jr.,* and *James H. Brassel* for plaintiffs.

*Herbert P. Koepke* and *E. C. Sherwood* for defendant.

Fasso, J.   This action relates to an accident which occurred on July 1, 1941, at the intersection of Union Avenue and First Street, New Rochelle, New York.   Involved were a truck owned by the plaintiffs, an ambulance owned by the defendant, and a building owned by one Guglielmino.   On March 10, 1942, in an action in which they were made party defendants, Guglielmino recovered a judgment for damages to his building against the owners of both vehicles.   Neither defendant made any cross claim against the other.

The verdict of the jury constituted a finding, for the purposes of the prior action, that both defendants were negligent.   Defendants plead *res judicata* in this action, and plaintiffs have moved to strike out this defense.   The question, as a consequence, arises whether or not the judgment in the prior action is a bar to the cause of action of the plaintiffs herein.

The defendant contends that since a jury found in the former action that both defendants were negligent, neither of those defendants may now sue the other.   It can be said in support

of the position of the defendant that the law tends to favor any procedure which allows a litigant his day in court and at the same time avoids a multiplicity of actions. It can be urged, moreover, that these plaintiffs had full opportunity to litigate the issue of their responsibility with respect to all who were involved or affected by the accident, for all were parties in the prior action.

While these reasons merit great consideration, and should, in the opinion of this court, support the position of the defendant, it cannot be said that the plaintiffs were required, either by statute or otherwise, to litigate in the prior action their claim against this defendant. They were merely compelled in the prior action either to acknowledge that the plaintiff therein was entitled to his damages or to resist the claim. The proof necessary for such purposes might well differ from that required in a contest between these plaintiffs and this defendant. Every litigant, furthermore, is entitled to try his case in his own way, and it is conceivable that the plaintiffs would proceed in one manner in an action in which they are made party defendants and in a different manner in a case in which they are plaintiffs. Important, too, is the circumstance that no pleadings between parties to this action existed in the former action.

The question presented is an interesting one — one which should be reviewed by the highest court of this State so as to settle, once and for all, the extent to which the doctrine of res judicata has expanded.

For the reasons herein set forth, the motion to strike out the second separate and complete defense set forth in the answer as amended is granted, and an order may be submitted accordingly upon three days' notice.