# Richmond

JAMES E. BYRUM v. AMES AND WEBB, INCORPORATED.

January 17, 1955.

Record No. 4285.

Present, Hudgins, C.J., and Eggleston, Spratley, Buchanan, Miller and Smith, JJ.

The opinion states the case.

*Louis B. Fine* and *Howard I. Legum,* for the plaintiff in error.

*Williams, Cocke & Tunstall* and *Thomas R. McNamara,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

James E. Byrum brought this action against Ames and Webb, Incorporated, sometimes referred to herein as defendant, to recover damages for personal injury and property damage suffered when the automobile he was driving crashed into a barricade placed by the defendant on the Virginia Beach Boulevard, which was being repaired by the defendant, at a point where the Boulevard narrowed abruptly from a four-lane highway into a three-lane highway. He alleged the accident was due to the negligence of the defendant in not putting warning lights or reflectors on the barricade.

The defendant, in addition to its grounds of defense which denied any negligence on its part and asserted that the negligence of Byrum contributed to or was the sole proximate cause of the accident, filed a special plea of "Estoppel by Judgment and Res Adjudicata," which the court sustained and in consequence dismissed plaintiff's action. That ruling presents the only question now involved.

The special plea was based on a judgment of the Circuit Court of Princess Anne county rendered in an action brought by Maysville Mills against Byrum, the present plaintiff, and Ames and Webb, Inc., the present defendant,

for damage to her house, located near the barricade, which she alleged had been caused by the negligence of Byrum in operating his car and the negligence of Ames and Webb, Inc., in maintaining the barricade. The judgment roll of that action, including the evidence and instructions to the jury, was exhibited as part of the special plea, from which it appeared that after striking the barricade Byrum's car continued in a northerly direction and struck and damaged the Mills house some 400 feet away. The jury in that case returned a verdict in favor of Mrs. Mills against both Byrum and Ames and Webb, Inc. The court set aside the verdict against Ames and Webb, Inc., and entered judgment in its favor, but entered judgment on the verdict against Byrum. Both of these judgments became final.

In the Mills suit Byrum filed his grounds of defense denying negligence on his part and asserting that the negligence of Ames and Webb, Inc., was the sole proximate cause of the damage to the Mills house. Ames and Webb, Inc., filed its grounds of defense denying that it was guilty of any negligence which proximately caused or contributed to any damage to the Mills premises and denied the nature and extent of the alleged damage.

The evidence offered by each defendant to the Mills action was directed toward establishing that he or it was guilty of no negligence and that the damage to the Mills house was caused solely by the negligence of the other defendant. The instructions presented to the jury the theory of each defendant.

In the present suit Ames and Webb, Inc., contends that it and Byrum, although on the same side of the versus in the Mills action, were in fact adverse parties in that action, and that the adjudication there made that Byrum was negligent renders that question *res judicata* and bars him from any recovery in this suit against Ames and Webb, Inc. Byrum on the other hand contends that the parties and the causes of action in the two cases are not the same and that the issues are between different parties and rest upon different rules of law.

In *Ferebee* v. *Hungate*, 192 Va. 32, 36, 63 S. E. (2d) 761, 764, we said that these were three fundamental essentials to the application of the doctrine of *res judicata*: (1) There must be identity of persons and parties to the action; (2) There must be an identity of issue, and (3) The operation of estoppels must be mutual. In that case the principle was held inapplicable because of lack of identity of parties and lack of mutuality.

In *Capps* v. *Whitson*, 157 Va. 46, 160 S. E. 71, Whitson sued Capps for damages to his bus resulting from a collision with the automobile of Capps. In a prior suit a passenger on the Whitson bus had sued both Whitson and Capps for personal injuries received in the same collision and had obtained a verdict and judgment against both defendants. In the subsequent action Capps contended that Whitson having been adjudged negligent on the former trial was thereby estopped from any recovery against Capps. That contention was rejected on the ground that there was not an identity of issues in the two cases; that is, "the issue raised in the second suit, upon which the evidential force of the former judgment is to be directed, must be identical with the issue (or one of the issues) raised and determined in the first action." 2 Black on Judgments, § 611 at p. 928.

In *Owen* v. *Dixon and Savage*, 162 Va. 601, 175 S. E. 41, the pertinent facts were practically the same as those in the present case. Owen sued Dixon and Savage for injuries received in a collision between his automobile and one owned by Dixon and driven by Savage. There was a verdict for the defendants in that suit and Owen was granted a writ of error. The defendants moved to dismiss the writ on the ground that Wingfield, a passenger in the Dixon car, was killed in said collision and his administrator had sued Owen and Dixon and Savage alleging that the accident was due to their concurring negligence; that the record showed that Owen and Dixon and Savage were in fact adversary parties in that suit, Owen claiming that he was free from fault and the accident was due to the negligence of Dixon and Sav-

age; and Dixon and Savage contending that they were free from fault and that the accident was due to the negligence of Owen. There was a verdict for the plaintiff against Owen as well as against Dixon and Savage which became final after the writ in the *Owen* v. *Dixon and Savage* suit had been granted. Dixon and Savage contended, on their motion to dismiss Owen's writ, that since it had thus been adjudicated that Owen was guilty of negligence which was a proximate cause of the accident he was thereby estopped from prosecuting his suit against them. However, the motion to dismiss was denied on the ground that "due to a difference of the causes of action and of the issues in the two suits, and for other reasons, the matter was not *res judicata*." *Ward* v. *Charlton,* 177 Va. 101, 111, 12 S. E. (2d) 791, 794.

The parties to the present suit were not adverse parties in the Mills suit so as to render the judgment in that suit determinative of their rights and liabilities as to each other. The plaintiff in that suit was endeavoring to hold them both. Each tried to escape liability to the plaintiff by showing that the other was to blame, and in that sense only were they adverse parties. Neither filed a cross-claim against the other as each could have done under Rule 3:9 of this Court. The issues in that suit related to the rights of the plaintiff against both defendants. No issue was presented to the court for adjudication as between the two defendants. The evidence each offered in that suit was for the purpose of defending against the plaintiff's claim, not for the purpose of having adjudicated an issue between themselves. We approve the rule stated as follows in Restatement of the Law of Judgments, § 82, pp. 384-5-6:

"The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves." To which the text appends this comment:

"* * (W)here a person is injured by the concurrent

negligence of two tortfeasors who are joined in one action, the fact that each of them attempts to show that the other was solely responsible for the accident or that the other alone was negligent does not make the issue of negligence res judicata in subsequent proceedings between them, where the liability of one to the other does not depend upon his liability to the injured person * *."

See also Freeman on Judgments, 5 ed., § 422, p. 918; 9 Blashfield Cyc. of Automobile Law and Pr., Part 1, § 5835, p. 110; 50 C. J. S., Judgments, § 819, p. 372; *Don-Rae Corp. v. New Rochelle Hosp. Ass'n*, 189 Misc. 213, 69 N.Y.S. (2d) 561; *Hardy* v. *Rosenthal*, 2 Cal. App. (2d) 442, 38 P. (2d) 412; *Fowler* v. *American Federation of Tobacco Growers, Inc.*, 195 Va. 770, 775, 80 S. E. (2d) 554.

■ The former judgment proffered as *res judicata* in a subsequent suit must have been rendered in an action in which the issues between the parties to the subsequent suit were raised between themselves by appropriate cross-pleadings. "* * It is not enough that they, by their separate answers, deny liability and claim that the accident was due to the negligence of the other, as such pleading only goes to answering the claim of the plaintiff, and tenders no issue to which the other defendant may demur or reply to or join issue upon so as to settle the liability one to the other. * *." *Pearlman* v. *Truppo*, 10 N. J. Misc. 477, 159 A. 623, 624.

See Annotations 101 A. L. R. 104, 105; 142 A. L. R. 727, 728; 152 A. L. R. 1066, 1067, to the effect that while there is some conflict the great weight of authority supports the rule that a judgment in favor of the plaintiff in a former action is not *res judicata* or conclusive of the rights and liabilities of the defendants *inter se* in a subsequent action between them, unless those rights and liabilities were expressly put in issue in the first action, by cross-complaint or other adversary pleadings, and determined by the judgment in the first action.

The case of *Lumberton Coach Co.* v. *Stone*, 235 N. C. 619, 70 S. E. (2d) 673, appears to be at odds with the gen-

eral rule, as does the case of *Vaughn's Adm'r* v. *Louisville & N. R. Co.*, 297 Ky. 309, 179 S. W. (2d) 441; but in the later case of *Clark's Adm'x* v. *Rucker*, (Ky.), 258 S. W. (2d) 9, the Kentucky court distinguished the *Vaughn* case on its particular facts and applied the rule quoted above from Restatement of the Law of Judgments, holding, on facts and in a situation closely resembling those in *Owen* v. *Dixon and Savage, supra,* that a judgment by a plaintiff against two defendants based on their concurring negligence did not render the question of negligence as between the two defendants themselves *res judicata.* The court said that the practice in the *Vaughn* case was unusual but its opinion there was "consistent with the reason which underlies the whole doctrine of *res judicata,* namely, that a person should not be bound by a judgment except to the extent that he, or someone representing him, had an adequate opportunity not only to litigate the matters adjudicated but to litigate them against the party who seeks to use the judgment against him." 258 S. W. (2d) at p. 12.

To apply the principle of *res judicata* in the present case would also be in disregard of the third essential listed in *Ferebee* v. *Hungate, supra,* that "the operation of estoppels must be mutual." See also Freeman on Judgments, *supra,* § 428, p. 929; 50 C. J. S., Judgments, § 765, p. 293. If this were a suit by Ames and Webb, Inc., against Byrum for damage to the barricade, the former could not prove its case merely by the record in the Mills action, nor would the judgment in that action in favor of Ames and Webb, Inc., conclude the question of its contributory negligence. In fact, it sought and obtained in the Mills case an instruction that even though it was guilty of negligence which caused the collision yet unless such negligence proximately caused or contributed to the accident (to the Mills house), there should be a verdict in its favor.

"The doctrine of *res judicata* is a proper and important principle of law and is universally recognized in the courts of this country. * * But the doctrine is technical in nature

and one who asserts it cannot complain if the proceedings upon which he relies are subjected to technical scrutiny." *Patterson* v. *Anderson,* 194 Va. 557, 564, 74 S. E. (2d) 195, 200.

The judgment below sustaining the plea of *res judicata* and dismissing the plaintiff's action is reversed and the case is remanded with direction to reinstate the action and try the issues made by the other pleadings.

*Reversed and remanded.*