### Richmond

SHIRLEY T. GREENE

V.

WARRENTON PRODUCTION CREDIT ASSOCIATION, ET AL.

April 30, 1982.

Record No. 800002.

Present: All the Justices.

*Benjamin H. Woodbridge, Jr.,* for appellant.
*David F. Peterson (Hicks, Baker & Peterson,* on brief), for appellees.

POFF, J., delivered the opinion of the Court.

The question on appeal is whether, as the court below ruled, a plaintiff's cause of action was barred by a judgment entered in a prior proceeding.

The prior proceeding, *Dominion National Bank, et al* v. *Shirley T. Greene, et al,* was instituted by petitions for attachment filed by several banks (collectively, Dominion) against Greene and his wife, principal defendants, and Warrenton Production Credit Association (Warrenton), co-defendant. Warrenton, payee on three promissory notes executed by Greene and secured by a lien on certain farm equipment, had obtained judgment by confession and had taken possession of the collateral. Dominion's attachment petition was filed February 8, 1978. Warrenton sold the equipment at public auction February 18. On February 21, Warrenton filed a verified answer to the petition, detailing the property sold and the disposition of the proceeds, and affirming that it was not "indebted to the said principal defendants in any amount." Warrenton's answer was initialed by the trial judge, and copies were delivered to the petitioners and to Greene.

In August 1978, Greene filed a motion for judgment against Warrenton and its general manager, James W. Grehan, seeking damages in the sum of $100,000. Greene alleged that, by reason of Warrenton's breach of its "duty to conduct said sale in a responsible commercially acceptable manner", Warrenton had "incurred excessive and unjustified costs and expenses" for services of counsel and an auctioneer; that Warrenton had seized and sold "certain items of [Greene's] property which were not included" in Warrenton's lien; and that Greene had suffered "injury to his reputation and impairment to his credit" because Warrenton had failed to release the lien of the confessed judgment.

By final decree entered December 19, 1978, the attachment proceeding was dismissed as settled by agreement. This decree, entered without notice to Warrenton, did not name Warrenton as a party litigant and made no reference to any allegation contained in Warrenton's answer.

Some time prior to July 11, 1979, the date set for trial in Greene's suit against Warrenton, Warrenton requested the trial court to consider its pleas of res judicata and estoppel. The parties filed memoranda of law and certified copies of the record in the attachment proceeding. In a final order entered October 1, 1979, the trial court ruled that the judgment in the attachment proceed-

ing "now constitutes res judicata and estoppel" and dismissed Greene's motion for judgment with prejudice.

■ We are of opinion the trial court erred. The doctrine of res judicata does not apply when the parties at bar were not adversary parties in the prior proceeding.

> The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves.

Restatement of Judgments § 82 (1942).

In *Byrum* v. *Ames and Webb, Inc.,* 196 Va. 597, 85 S.E.2d 364 (1955), a motorist ran through a barricade maintained by a contractor and struck and damaged a residence. The homeowner sued the motorist and the contractor. Judgment for the homeowner was entered against the motorist but not the contractor. The motorist then sued the contractor. The trial court sustained the contractor's plea of res judicata and the motorist appealed. We reversed the judgment and remanded the case for a trial on the merits.

In the course of our analysis we said:

> The parties to the present suit were not adverse parties in the [prior] suit so as to render the judgment in that suit determinative of their rights and liabilities as to each other. The plaintiff in that suit was endeavoring to hold them both. Each tried to escape liability to the plaintiff by showing that the other was to blame, and in that sense only were they adverse parties. Neither filed a cross-claim against the other as each could have done under Rule 3:9 of this Court. The issues in that suit related to the rights of the plaintiff against both defendants. No issue was presented to the court for adjudication as between the two defendants. The evidence each offered in that suit was for the purpose of defending against the plaintiff's claim, not for the purpose of having adjudicated an issue between themselves. . . .

*Id.* at 601, 85 S.E.2d at 366.

. While we quoted the Restatement rule with approval in *Byrum, id.,* we did not embrace it in full. The negative import of that rule is that the preclusive effect of a judgment invoked in a plea of res

judicata extends not only to those matters actually litigated but also to those the parties had "an opportunity to litigate". But, in our opinion in *Byrum,* we noted expressly that the two defendants in the prior proceeding had an opportunity to file cross-claims and litigate their rights and obligations *inter se.* Thus, the rule we applied was a modified version of the Restatement rule. Specifically, we held that "[t]he former judgment proffered as *res judicata* in a subsequent suit must have been rendered in an action in which the issues between the parties to the subsequent suit were raised between themselves by appropriate cross-pleadings." *Id.* at 602, 85 S.E.2d at 367.

█ Our rule in *Byrum* controls here. The analogy is compelling. Greene and Warrenton were not adversary parties in the attachment proceeding; they were "on the same side of the versus", *id.* at 599, 85 S.E.2d at 365. Even if cross-claims among principal defendants and co-defendants in an attachment proceeding are within the contemplation of the attachment statutes and the Rules of this Court (a question we do not decide here), neither Greene nor Warrenton filed a cross-claim against the other. The claims in the attachment proceeding were asserted against both Greene and Warrenton. The averment in Warrenton's answer that it was not "indebted" to Greene, although "deemed prima facie to be true", Code § 8.01-562, was offered for the purpose of defending against the petitioners' claims, not for the purpose of raising a litigable issue with Greene. The allegations in the cause of action Greene asserted against Warrenton sounded in terms of breach of their security contract, wrongful conversion, and tortious injury to Greene's reputation and credit standing. The attachment court was never asked to decide and did not decide the merits of such allegations.

Applying our rationale in *Byrum,* we hold that the trial court erred in sustaining Warrenton's plea of res judicata.

█ Nor does the doctrine of collateral estoppel apply here.

*Collateral estoppel* is the preclusive effect impacting in a subsequent action based upon a collateral and *different cause of action.* In the subsequent action, the parties to the first action and their privies are precluded from litigating any *issue* of fact actually litigated and essential to a valid and final personal judgment in the first action.

*Bates* v. *Devers,* 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974) (emphasis in original; footnotes omitted).

Even if it can be said that the issues of fact Warrenton seeks to preclude were litigated in the attachment proceeding none were "essential" to the decree approving the settlement reached in that proceeding. Moreover, since Warrenton was not a party to the attachment judgment, it is not estopped thereby, and under the "mutuality" rule, it cannot invoke the judgment as an estoppel against Greene. *See Bates* v. *Devers,* 214 Va. at 671, n. 7, 202 S.E.2d at 921.

We will reverse the judgment below and remand the case for a trial on the merits.

*Reversed and remanded.*