# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Vincent Bottino

v.

James D. Monroe
and Vincent DiDonna

December 6, 1993

Case No. CL92–128

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether a defendant/cross-complainant in a personal injury suit can pursue his claim against the co-defendant after the cross-claim was severed and trial of the primary claim resulted in a verdict in favor of the plaintiff against both defendants.

## Background

Vincent Bottino instituted this suit by motion for judgment against James D. Monroe and Vincent DiDonna. He claimed that he was injured when the vehicle in which he was a passenger, driven by DiDonna, collided with a mowing machine operated by Monroe. He further claimed that his injuries were caused by the negligence of either Monroe or DiDonna, or by the concurrent negligence of both. The defendants filed separate responses, each denying liability.

Thereafter, DiDonna filed a cross-claim against Monroe. DiDonna contends that he, too, was injured in the accident and that the sole cause of the accident was the negligence of Monroe. Monroe responded denying liability.

As permitted by Rule 3:9, the court ordered a separate trial of the cross-claim and scheduled the primary claim (i.e., Bottino's claim against Monroe and DiDonna) for trial.

At that trial, all parties were present, represented by counsel, and everyone offered evidence pertinent to Bottino's claim. Each defendant

presented evidence and argument that he was free of negligence and that the accident was caused by the negligence of the other. The jury returned a verdict in favor of Bottino against both defendants, jointly and severally. The court entered judgment on the verdict and that judgment is now final. Monroe then filed a motion to dismiss and for summary judgment with respect to DiDonna's cross-claim, contending that the adjudication of Bottino's claim has conclusively established the concurrent negligence of Monroe and DiDonna, so that DiDonna is guilty of contributory negligence based on that prior adjudication. The motion was argued on October 25, 1993, and counsel were invited to submit memoranda. Those memoranda have been filed, and this opinion addresses Monroe's motion.

### Decision

As Monroe points out, the doctrine of res judicata is that a point once adjudicated by a court of competent jurisdiction is conclusive upon the same matter as between the parties or their privies, in any subsequent suit, in the same court or any other court, at law or in equity. The doctrine is founded upon two maxims, one of which is that a person should not be twice vexed for the same cause, and the second being public policy to put an end to litigation. See, e.g., *Patterson v. Saunders*, 194 Va. 607 (1953), cited by Monroe; also see 8B M.J., *Former Adjudication and Res Judicata*, § 2 et seq.

Also, as Monroe point out, res judicata encompasses the preclusive effect of collateral estoppel.

Nevertheless, the issue here is governed by the principles enunciated in *Byrum v. Ames and Webb, Inc.*, 196 Va. 597 (1955). There, Mills had sued Byrum and Ames and Webb, Inc., for damages resulting from an accident on Virginia Beach Boulevard. The trial of that claim resulted in a judgment in favor of Mills against Byrum but not against Ames and Webb, Inc. Then, Byrum brought an action against Ames and Webb, Inc., alleging that he, too, was injured in the accident and that Ames and Webb, Inc., was liable. Ames and Webb, Inc., filed a special plea on the ground that Byrum's negligence had been established by prior adjudication. The trial court sustained the plea and dismissed Byrum's suit. The Supreme Court reversed.

> The parties to the present suit were not adverse parties in the Mills suit so as to render the judgment in the suit determinative of their rights and liabilities as to each other. The plaintiff

[Mills] in that suit was endeavoring to hold them both. Each tried to escape liability to [Mills] by showing that the other was to blame, and in that sense only were they adverse parties. The issues in that suit related to the rights of the plaintiff against both defendants. No issue was presented to the court for adjudication as between the two defendants. The evidence offered in that suit was for the purpose of defending against [Mills's] claim, not for the purpose of having adjudicated an issue between themselves . . . .

The Court cited with approval the following rule:

The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights *inter se* upon matters which they did not litigate, between themselves . . . .

Where a person is injured by the concurrent negligence of two tortfeasors who are joined in one action, the fact that each of them attempts to show that the other was solely responsible for the accident or that the other alone was negligent does not make the issue of negligence res judicata in subsequent proceedings between them, where the liability of one to the other does not depend upon his liability to the injured person . . . . Restatement of the Law of Judgments, § 82.

The only significant difference between this case and *Byrum* is that DiDonna's claim comes on upon a cross-claim rather than a subsequently-filed action. However, the cross-claim was severed — or, a separate trial ordered — under Rule 3:9, thereby making DiDonna's claim against Monroe, for all intents and purposes, a separate action from the primary claim of Bottino against DiDonna and Monroe.

For these reasons, the court is of the opinion that the previous judgment does not bar DiDonna's claim against Monroe, so that Monroe's motion is not well taken, and it will be denied. Upon a praecipe being filed, the court will fix a date for trial of DiDonna's claim against Monroe.