## CIRCUIT COURT OF FAIRFAX COUNTY

Winchester Homes, Inc.

v.

Hoover Universal, Inc., et al.

November 2, 1994

Case No. (Law) 122509

BY JUDGE GERALD BRUCE LEE

This matter is before the Court on Defendants'[1] Motion to Dismiss Winchester Homes, Inc.'s (Plaintiff) Motion for Judgment. Defendants maintain that Plaintiff's cause of action is barred by res judicata. In rebuttal, Plaintiff claims that Defendants have failed to satisfy all of the elements necessary to prove res judicata. The issue presented is whether Plaintiff's previous claim against Defendants, in which the Defendants were dismissed with prejudice early in the litigation, bars Plaintiff from pursuing its present claim against Defendants. Having considered the oral argument and memoranda of counsel, the Court holds that Defendants' Motion to Dismiss is denied.

### I. Facts and Procedural History

On March 22, 1993, Plaintiff filed its Motion for Judgment alleging multiple products liability claims. Plaintiff claims that the Defendants supplied or treated defective fire retardant treated plywood (FRTP) which was placed in the roofs of townhomes. Plaintiff is seeking damages against Defendants for (1) all expenses Plaintiff has incurred in communicating with homeowners regarding Defendants' defective FRTP and for all damages for inspecting, repairing, and replacing the roofs of townhomes con-

---

[1] The Defendants named in Winchester Homes, Inc.'s Motion for Judgment are Hoover Universal, Inc., Johnson Controls, Inc., Reliance Wood Preserving, Inc., Jarvis Steel and Lumber Co., Inc., and Allied Plywood Corporation (collectively referred to as the "Defendants").

taining FRTP constructed by Plaintiff; (2) lost profits and injury to Plaintiff's business reputation; and (3) indemnification, contribution, and punitive damages.

On November 2, 1990, Plaintiff filed its Motion for Judgment alleging defects in FRTP installed into roofs of townhomes built and sold by Plaintiff. Defendants filed demurrers, which were sustained in their entirety. Winchester then filed a Second Amended Motion for Judgment. In a hearing on the Second Amended Motion for Judgment on February 3, 1992, the Court dismissed the Defendants with prejudice. Subsequently, Plaintiff's filed a Third Amended Motion for Judgment adding indemnification and subrogation as claims. On October 9, 1992, the Court entered an order reaffirming its ruling dismissing Defendants with prejudice and granting summary judgment regarding allegations in the Third Amended Motion for Judgment. After these rulings, Plaintiff proceeded to trial against Hoover Treated Wood Products (HTWP) on the remaining breach of warranty claims. After a jury verdict in favor of Plaintiff, the Court granted HTWP's Motion for Judgment Notwithstanding the Verdict and entered final judgment in favor of HTWP.

On August 25, 1993, Winchester noted an appeal to the Supreme Court of Virginia. The Supreme Court found that there was no reversible error. On July 14, 1994, Winchester petitioned the Supreme Court of the United States for a Writ of Certiorari. The Petition for a Writ of Certiorari was denied.

## II. *Res Judicata*

Res judicata rests upon considerations of public policy which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent the harassment of parties. *Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917 (1974). Res judicata also precludes relitigation of a claim, or any part thereof, that was litigated, or could have been litigated, in a prior proceeding. *Wright v. Castles*, 232 Va. 218, 349 S.E.2d 125 (1986). For res judicata to apply, four things must occur: (1) identity of remedies; (2) identity of the same cause of action; (3) identity of persons, and of parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made. *Wright v. Castles*, 232 Va. 218, 349 S.E.2d 125 (1986); *Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917

133

(1974); *Sovran Bank, N.A. v. Jacob,* 15 Va. Cir. 110 (1988), citing *Mowry v. City of Virginia Beach,* 198 Va. 205 (1956).

Without addressing the first two requirements, the Court finds that the identity and quality of the parties are not the same. The "identity of quality" element is a requirement that the parties in conflict appear in the identical capacities or on "the same side of the versus" in both proceedings. *Greene v. Warrenton Prod. Credit Ass'n.,* 223 Va. 462, 291 S.E.2d 209 (1982).

Defendants claim that Plaintiff asserted the identical causes of action against the Defendants in the original action. Plaintiff responds that indemnity and subrogation were never sought against these Defendants because they were dismissed from the prior action with prejudice on February 3, 1992.

Plaintiff never fully litigated any of its claims against Defendants. The Court dismissed the Defendants from the prior action on February 3, 1992. After February 3, 1992, the Defendants were not bound by any of the Court's rulings, and the litigation continued without the Defendants. Plaintiff filed a Third Amended Motion for Judgment adding indemnification and subrogation as claims. These claims were never litigated against the Defendants. Moreover, the Court entered an order granting summary judgment on October 9, 1992, over six months after Defendants were dismissed with prejudice. This final judgment was not binding on the Defendants. According to the doctrine of mutuality, a litigant is prevented from invoking the preclusive effect of a judgment unless the litigant would have been bound by that judgment. *Nero v. Ferris,* 222 Va. 807, 812, 284 S.E.2d 828 (1981); *Dual & Assoc. v. Wells,* 241 Va. 542, 545, 403 S.E.2d 354 (1991). Therefore, identity of parties and quality of parties are not present.

### III. *Conclusion*

Defendants failed to prove by a preponderance of the evidence that Plaintiff's cause of action is barred by the doctrine of res judicata. *Bates,* at 671. Specifically, the elements of (1) identity of parties and (2) quality of parties were not met. Accordingly, Defendants' Motion to Dismiss is denied.