# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Brenda D. Kilgore

v.

Connie Lee Bell et al.

June 25, 1997

Case No. CL95-65

By Judge William H. Ledbetter, Jr.

The question presented is whether a joint tortfeasor in a personal injury action is entitled to summary judgment for contribution against his co-defendant in light of a former adjudication in his favor against the co-defendant for injuries arising out of the same accident.

*Facts*

Brenda D. Kilgore, the plaintiff, instituted this action against Connie Lee Bell and Howard Kilgore (Kilgore) alleging joint and several liability for injuries she sustained in an automobile accident on February 20, 1993. According to her motion for judgment, she was a passenger in Kilgore's vehicle when it collided with Bell's vehicle. Bell and Kilgore filed separate responsive pleadings denying liability.

With leave of court, Kilgore filed a cross-claim against Bell for contribution (indemnity) in the event the plaintiff is awarded a judgment against him. Similarly, with leave of court, Bell filed a cross-claim against Kilgore for contribution (indemnity) in the event the plaintiff is awarded a judgment against her. These sorts of cross-claims are permitted by Rule 3:9.

Then, Kilgore moved for summary judgment on his cross-claim against Bell, alleging that the issue of liability as between them has been formerly adjudicated and, therefore, the doctrine of res judicata precludes relitigation

of that issue. The motion was argued, after notice to all counsel, on June 24, 1997.

The former adjudication referred to by Kilgore is the case of *Howard Kilgore v. Connie Lee Bell* (# CL94-313) wherein judgment was entered for Kilgore against Bell, on a jury verdict, in the amount of $6,000.00 on September 14, 1995. There is no dispute that that case arose from the same automobile accident, that issues of primary negligence of Bell and contributory negligence of Kilgore were presented to and decided by the jury, and that the court entered judgment on the jury verdict in favor of Kilgore.

The final paragraph of the judgment order recites that the parties have settled the matter "in accordance with the verdict of the jury" and the case is dismissed with prejudice. That recitation does not convert the judgment order into a settlement order. Clearly, the purpose of the recited language was to avoid a docketed judgment against Bell. The court specifically entered judgment on the jury verdict in the preceding paragraph of the order. Therefore, the court decided the case on the merits.

### Decision

The doctrine of res judicata holds that a point once adjudicated by a court of competent jurisdiction is conclusive upon the same matter as between the parties or their privies in any subsequent litigation, at law or in equity, in the same court or any other court. The doctrine is founded upon two maxims, one of which is that a person should not be twice vexed for the same cause, and the second being public policy to put an end to litigation. See 8B M.J., *Former Adjudication and Res Judicata*, § 2 et seq. Res judicata encompasses the preclusive effect of collateral estoppel.

Nevertheless, the rendition of a judgment in an action does not conclude the parties to the action who are not adversaries under the pleadings as to their rights *inter se* upon matters which they did not litigate between themselves. So, where a person is injured by the concurrent negligence of two tortfeasors who are joined in one action, the fact that each of the tortfeasors attempts to show that the other was solely responsible for the accident or that the other alone was negligent does not make the issue of negligence res judicata in subsequent proceedings between the two tortfeasors. *Byrum v. Ames & Webb, Inc.,* 196 Va. 597 (1955).

Thus, as explained in *Byrum*, the fact that Bell and Kilgore attempt to show that the other is solely responsible for the plaintiff's injuries in this case would not preclude a redetermination of the issue of negligence in the event of a subsequent suit between themselves, no matter what the outcome of this case.

The converse is also true. The fact that Bell and Kilgore have litigated their rights concerning this accident *inter se* in # CL94-313 does not preclude either of them from attempting to show in this litigation that the other is solely responsible for the plaintiff's injuries.

Further, of course, it is obvious (and conceded) that the rights of the plaintiff in this case are not affected by previous litigation between Kilgore and Bell regarding their rights *inter se*. She was not a party to the previous case and is not bound by the former adjudication.

But our analysis cannot end there. Returning to *Byrum*, it is important to note that the co-defendants there were not adverse parties so as to render the judgment in the suit in favor of the plaintiff determinative of their rights and liabilities as to each other. As the Court there noted, the plaintiff in that suit was endeavoring to hold them both liable. Each tried to escape liability to the plaintiff by showing that the other was solely to blame. The Court went on to explain:

> The issues in that suit related to the rights of the plaintiff against both defendants. *No issue was presented to the court for adjudication as between the two defendants. The evidence offered in that suit was for the purpose of defending against [the plaintiff's] claim, not for the purpose of having adjudicated an issue between themselves ....* [Emphasis added.]

It was on that basis that the Court decided that one of the co-defendants could later sue the other to recover damages arising out of the same accident.

In this case, Bell and Kilgore *have* presented to the court for adjudication the issue of liability *inter se*. They have done that by their respective cross-claims.

Therefore, although *Byrum* is instructive with regard to the plaintiff's ability to pursue her claim against both Kilgore and Bell notwithstanding Kilgore's earlier judgment against Bell, it has no relevance to the cross-claims between Kilgore and Bell. In those cross-claims, Kilgore and Bell seek an adjudication of the issue of negligence *inter se*. That issue has been adjudicated on the merits in the former suit. There, as here, they were adverse parties seeking a determination of their rights and liabilities as to each other. There, the court decided in favor of Kilgore against Bell on the issues of negligence and contributory negligence. That former adjudication precludes a redetermination of those issues *as between Kilgore and Bell* in this case.

Accordingly, Kilgore's motion for summary judgment on his cross-claim against Bell will be granted.