## VIRGINIA:

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Friday, the 16th day of January, 2004.


Christy Rawlings,                                        Appellant,

  Against      Record No. 030085
               Circuit Court No. CL00-4694

Pablo Lopez,                                             Appellee.


Crystal Crayton,                                         Appellant,

  Against      Record No. 030086
               Circuit Court No. CL00-4693

Pablo Lopez,                                             Appellee.


        Upon an appeal from a judgment rendered by the Circuit Court of Greensville County.


Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion there is error in the judgment of the Circuit Court of Greensville County.

The appellants were passengers in an automobile that was involved in an accident. The appellants and the driver of the automobile filed separate motions for judgment against Lopez, the appellee, alleging negligence. Neither of the appellants were parties to the driver's suit and did not appear of record in that proceeding. The driver's suit was the first to be tried and resulted in a jury verdict for Lopez.

Lopez then filed pleas in bar alleging that appellants' suits were barred by the doctrines of res judicata and collateral estoppel. The circuit court sustained the pleas in bar and

dismissed the appellants' motions for judgment by final order entered October 10, 2002.

Appellants have assigned error to the circuit court's judgment that their claims are barred by either collateral estoppel or res judicata. We agree with the appellants and will reverse the circuit court's judgment.

"Under the concept of collateral estoppel, 'the parties to the first action and their privies are precluded from litigating [in a subsequent suit] any issue of fact actually litigated and essential to a valid and final personal judgment in the first action.' " Norfolk & Western Ry. v. Bailey Lumber Co., 221 Va. 638, 640, 272 S.E.2d 217, 218 (1980) (quoting Bates v. Devers, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974)). In Bailey, this Court reaffirmed Virginia's adherence to the principle of mutuality which holds that "a litigant is generally prevented from invoking the preclusive force of a judgment unless he would have been bound had the prior litigation of the issue reached the opposite result." Id. (citing Bates, 214 Va. at 671 n.7, 202 S.E.2d at 921 n.7). There was no mutuality in the case at bar because, had the jury in the first action found against Lopez, he would not have been bound by that verdict in the subsequent suits brought by the appellants. See Anderson v. Sisson, 170 Va. 178, 182, 196 S.E. 688, 689 (1938). Moreover, as noted below, the record does not reflect any relation of privity between the appellants and the driver of the car who was the plaintiff in the first suit.

Lopez's claim of res judicata also fails because in order "[t]o establish the defense of res judicata, the proponent of the doctrine

2

must establish identity of the remedies sought, identity of the cause of action, <u>identity of the parties</u>, and identity of the quality of the persons for or against whom the claim is made." <u>State Water Control Board v. Smithfield Foods</u>, 261 Va. 209, 214, 542 S.E.2d 766, 769 (2001) (citing <u>Balbir Brar Assocs. v. Consol. Trading & Servs. Corp.</u>, 252 Va. 341, 346, 477 S.E.2d 743, 746 (1996)) (emphasis added). The appellants in the case at bar were not parties to the first suit brought by the driver. Therefore, the preclusive effect of <u>res judicata</u> cannot be sustained unless, as Lopez argues, there was privity between the driver and the appellants.

The record reflects no relationship existing between appellants and the driver that would have permitted the driver to assert the appellants' legal rights during the first suit. Thus, no privity existed between the parties and <u>res judicata</u> did not bar the appellants' suits. <u>See</u> <u>Smithfield Foods</u>, 261 Va. at 214, 542 S.E.2d at 769 (2001) ("The touchstone of privity for purposes of <u>res judicata</u> is that a party's interest is so identical with another that representation by one party is representation of the other's legal right.").

For these reasons the judgment of the Circuit Court of Greensville County is reversed and the case is remanded for further proceedings.

This order shall be certified to the Circuit Court of Greensville County and shall be published in the Virginia Reports.

A Copy,

3

Teste:

Patricia H. Krueger, Clerk