# CIRCUIT COURT OF FAIRFAX COUNTY

Ilhan Birgin
and Christina Birgin

v.

Kosta Tzaferis,
Olga Tzaferis,
Jimmy Tzaferis,
and Wilton Crouch

August 10, 2005

Case No. (Law) 05-000648

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on March 18, 2005, on Defendants' Plea in Bar and Motion for Sanctions. After considering counsels' arguments and reviewing the applicable law, the Court reaches the findings and conclusions stated below.

*Background*

Kosta and Olga Tzaferis ("Defendants") purchased a parcel of land in Fairfax County in 1969. The Defendants lived in a house on that land and, sometime in the late 1990s, decided to subdivide the remaining land and build houses on it. They referred to the new subdivision as "Willowmeade" and the development company as E. F. Homes.

In September 2000, Plaintiffs Ilhan and Christina Birgin contracted with the Defendants to build a home for them on Lot 3 of the Willowmeade subdivision and deposited $40,000 into an escrow account. After construction and closing were delayed several times, the Plaintiffs eventually found out that the Defendants had never received approval from the appropriate authorities for the subdivision. Subsequent conversations revealed that the Defendants decided not to build the home because it would be "too costly."

The Plaintiffs filed suit in Fairfax County in March 2002 against Defendant Kosta Tzaferis ("Kosta") for Breach of Contract and asked for damages based on the appreciation of homes in the area that were

comparable to the home they had contemplated. The case was nonsuited and then refiled on May 16, 2003. After a jury trial, the Plaintiff's were awarded a $50,000 verdict for attorney's fees and costs, and they subsequently obtained a judgment for that amount. Plaintiffs have been unable to collect on this judgment because all of Kosta's substantial assets are owned as joint tenants by the entirety with his wife, Olga, and there is no judgment against her.

Plaintiffs filed the instant suit in February 2005. According to the Plaintiffs, they did not learn until four weeks before the previous trial that Kosta had entered into a partnership or joint venture with his wife ("Olga"), his son ("Jimmy"), and the architect, Wilton Crouch. (Plaintiffs' Opp. to Kosta's Plea in Bar at 1-2.) Plaintiffs did not amend their pleadings in the first suit to add Olga, Jimmy, or Crouch as defendants. The underlying facts and controversy (the home on Lot 3 of the Willowmeade subdivision) are the same as in the 2004 suit against Kosta.

This Motion for Judgment is premised on the theory that there was a partnership between Kosta and the other three parties. In this suit, Plaintiffs seek recovery against the four defendants as partners, jointly and severally. (MFJ at 8.)

## Argument

Kosta and Olga contend that the Birgins' suit is barred by *res judicata* and judicial estoppel. The Court will address each Plea in Bar in turn.

### A. *Kosta's Plea in Bar*

Kosta asserts a claim of *res judicata* on the basis that both he and the Plaintiffs are in the "same capacity" and "same quality" as the prior lawsuit, that the cause of action is the same because it is "predicated on the exact same allegations and exact same proofs," and that there has been a final judgment against him on the merits. (Kosta's Plea in Bar p. 3.) Kosta argues that the matter has already been adjudicated, judgment has been entered against him for breach of the same contract with the same plaintiffs, and the present suit is therefore precluded by the doctrine of *res judicata*. (Kosta's Plea in Bar p. 2.)

The Plaintiffs contend that even though the suit is essentially the same as the 2003 suit, there is a difference: the previous case proceeded against Defendant Kosta in his individual capacity, and this one is against the partnership. They contend, therefore, that there is no "identity of the parties," a necessary element for a bar of *res judicata*. As a reason for this, the Plaintiffs offer the explanation that they did not know that Kosta was involved in a partnership until his deposition, some four weeks before the trial. Plaintiffs contend that it was then "too late to amend the pleadings

to add the partnership and its other members." (Plaintiff's Opposition to Defendant Kosta's Plea in Bar, p. 2.) Plaintiffs also argue that this suit does not involve the same elements of proof because they are now required to prove a partnership existed. (*Id.* at 3.) They also add a second count, for fraud, in which, for the first time, they assert that the Defendants never intended to build a home for the Plaintiffs but intended to provide a lot and appliances for that price. This assertion was a defense offered by the Defendants in the first trial.

In order "to establish the defense of *res judicata,* the proponent of the doctrine must establish identity of the remedies sought, identity of the cause of action, *identity of the parties,* and identity of the quality of the persons for or against whom the claim is made." *Rawlings v. Lopez,* 267 Va. 4, 5, 591 S.E.2d 691, 692 (2004) (citing *State Water Control Board v. Smithfield Foods,* 261 Va. 209, 214, 542 S.E.2d 766, 769 (2001)).

The doctrine of *res judicata* provides that, when a "second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter, *not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined." Kemp v. Miller,* 166 Va. 661, 674, 186 S.E. 99, 103 (1936) (emphasis added). If the issues presented by the second suit are the same or essentially connected with the subject matter of the original litigation, they cannot be maintained in a second suit, regardless of whether they were or were not considered in the first. See *id.* In *Kemp,* the plea of *res judicata* was disallowed because the second action arose out of a different contract between the parties. *Id.* at 675, 186 S.E. at 105.

In the present matter, the cause of action is the same, and unlike *Kemp,* the cause of action arises out of the same contract. In addition, Kosta is the same party; whether or not he was part of a partnership cannot now be the underlying theory for a second cause of action. Plaintiffs knew about the alleged partnership prior to the first trial. (Plaintiff's Opp. to Kosta's Plea in Bar at 1.) There is nothing in the record to indicate that, in the first suit, the plaintiffs amended their pleadings to either add parties or proceed under an alternate legal theory. Plaintiffs claim that it was "too late" to amend their pleadings in the first trial because they learned of the partnership "four weeks before trial." *Id.* at 2. The existence of a partnership in the execution of the underlying contract is a fact essentially connected with the subject matter of the original litigation, and the proper time and place to litigate under that theory was during the first suit. It cannot now be the basis for this present suit against Kosta.

The Plaintiff has alleged an additional count; Count II; Fraud, claiming that Kosta never intended to deliver a house, but intended to deliver a "lot and a heap of appliances." (MFJ p. 7.)

Again, this matter has been litigated and a decision rendered on the merits; a jury has already found that the Defendant breached the contract between the parties and awarded the Plaintiffs costs and attorney's fees. The fact that the Plaintiffs have been unable to collect on the judgment does not change the ultimate result. As a decision has already been reached on the merits, the case against Kosta, whether in his own or a partnership capacity, has been decided. The Plaintiffs are estopped from pleading an alternative claim in a new action. Defendant Kosta's Plea in Bar is sustained.

## B. *Olga's Plea in Bar*

Plaintiffs assert the claims in this case against Defendant Olga for the first time. The underlying facts are the same, the same land, the same contract, the same plaintiffs. Plaintiffs contend, however, that there is no identity of parties, therefore it is a new claim. The Plaintiffs also contend that Olga's claim is not precluded because she cites no authority for proof that she was a privy in the prior suit and judicial estoppel does not bar the claim since they only assert a new legal theory that a partnership existed, which does not qualify as a factual inconsistency. (Plaintiffs' opposition to Olga, 1-3.)

Defendant Olga pleads that this case has already been litigated, with her husband, Kosta, as the Defendant. She argues that the time to litigate this case against any alleged partners or joint venturers was during the first case and that, because she was privy to the prior suit as a member of the partnership, the Plaintiffs have forgone their opportunity to sue all of the alleged partners. Furthermore, Olga argues that the Plaintiffs are judicially estopped from asserting their claim against her because they previously argued that their case was only against Kosta, not against E. F. Homes, and also they failed to amend their first Motion for Judgment after learning during Kosta's deposition that there was actually a partnership. (Olga's Plea in Bar 2-4.)

Olga argues that the Plaintiff's case should be barred by *res judicata* as well as *judicial estoppel.* As already discussed, *res judicata* provides that parties may not be sued on the same cause of action where the parties involved are the same after a judgment has been entered in the first case.

When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters

a new suit on the same cause of action cannot be maintained between the same parties.

*Kemp v. Miller*, 166 Va. 661, 674, 186 S.E. 99, 101 (1936).

Although Olga was not made a defendant in the first litigation, "the bar of res judicata precludes relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies." *Smith v. Ware*, 244 Va. 374, 376, 421 S.E.2d 444, 446 (1992). If Olga was privy to the first litigation, the claims against her are barred by *res judicata*.

Privity is determined on a case by case basis and "the touchstone of privity for purposes of *res judicata* is that a party's interest is so identical with another that representation by one party is representation of the other's legal right." *State Water Control Bd. v. Smithfield Foods, Inc.*, 261 Va. 209, 214, 542 S.E.2d 766, 770 (2001) (court found that the EPA and the State Water Control Board were in privity because they had an identical interest in protecting the water quality by enforcing a permit prohibiting phosphate discharges). The application of the bar of *res judicata* to privies prevents parties from "claim splitting" or "bringing successive suits on the same cause of action where each suit addresses only a part of the claim." *Davis v. Marshall Homes, Inc.*, 265 Va. 159, 164, 576 S.E.2d 504, 506 (2003) (quoting *Jones v. Morris Plan Bank of Portsmouth*, 168 Va. 284, 291, 191 S.E. 608, 610 (1937)).

The only issue in the instant case is whether or not Olga's interests were so identical to Kosta's that she was in privity with Kosta. In *Smithfield Foods*, privity was found between two independent agencies from two different sovereigns (the Commonwealth of Virginia and the Federal Government) on the basis of their shared interest in water quality. *Smithfield Foods*, 261 Va. at 215-16, 542 S.E.2d at 770. The only issue in that case was the identity of the parties; all other facts were the same. Here, not only do Olga and Kosta share the same interests as the interests litigated in the first lawsuit, but they apparently further solidified this shared interest in the form of a joint venture or partnership as alleged by the Plaintiffs. (MFJ ¶¶ 11, 12.) The Plaintiffs knew of this joint venture or partnership prior to the first trial. In addition, as the Plaintiffs discovered, the land itself was owned by both Kosta and Olga as joint tenants by the entirety, the very issue which has precluded them from collecting on their judgment against Kosta.

The time to try the issue of liability of the partners was at the first trial. Plaintiffs could have amended their pleadings upon learning of the existence of the partnership but failed to do so. (Plaintiffs had already taken a nonsuit of the case; therefore, they were not entitled to an automatic nonsuit.) Plaintiffs had ample opportunity to serve discovery and litigate this case in both prior incarnations. To allow the Plaintiffs to proceed at this time would essentially allow the Plaintiffs to "claim split" the issue of the

partner's liability, exactly what the *res judicata* bar was intended to prevent. The Court sustains Olga's Plea in Bar.

As the Plea in Bar was sustained, it is unnecessary to deal with the *judicial estoppel* argument.

## Motions for Sanctions

Va. Code Ann. § 8.01-271.1 (2005) provides that an attorney who signs pleadings with the court affirms that the pleading, "to the best of his knowledge, information, and belief, formed after reasonable inquiry, is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law" and is not filed for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." And a court may, upon its own initiative or upon motion by a party, award sanctions against the party violating this requirement. *Id.* An objective standard of reasonableness is used to determine whether pleadings were filed consistent with the requirements of § 8.01-271.1. See *Gilmore v. Finn*, 259 Va. 448, 527 S.E.2d 426 (2000).

In *Finn* the Virginia Supreme Court overturned an award of sanctions against the plaintiff. The Supreme Court found that, though the Plaintiff's arguments were novel, the plaintiff "could have formed a reasonable belief that his action was warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Id.* at 467, 527 S.E.2d at 436. The standard is whether the plaintiff could have formed a reasonable belief and not whether the court ultimately found the plaintiffs argument lacking.

Based on the pleadings, this Court finds that Plaintiffs' counsel could have reasonably believed the pleadings were warranted by existing law and that those pleadings were filed in a good-faith attempt to advance his clients' position, given their inability to collect from the Defendant. The Motions for Sanctions are denied.

## Conclusion

The Defendants' Pleas in Bar are sustained on both counts, and this action is dismissed with prejudice.