# CIRCUIT COURT OF ARLINGTON COUNTY

Jennifer Blufer

v.

Charles Caliman

v.

Gregory Deeds

October 22, 2008

Case No. (Law) 06-594

BY JUDGE JOANNE F. ALPER

This matter comes before the Court on a Motion for Partial Summary Judgment filed by defendant/counter-plaintiff Charles Caliman. After hearing oral argument on September 19, 2008, and carefully reviewing the pleadings, case law, and facts of this case, the Court sets forth its ruling below.

*Factual Background*

This case arises out of a motor vehicle accident involving vehicles driven by Caliman and third-party defendant Gregory Deeds. At the time of the accident, plaintiff Jennifer Blufer was a passenger in the vehicle driven by Deeds, and Jason Higginbotham was a passenger in the vehicle driven by Caliman.

In a previous action, Higginbotham brought suit against Deeds and Caliman for damages arising from the injuries he sustained in the accident. After a three day trial, a jury determined that Deeds and Caliman were jointly

and severally liable in causing the accident and that their negligence proximately caused Higginbotham's injuries.

Subsequently, Blufer brought her own action against Caliman. In turn, Caliman filed a third-party complaint against Deeds seeking contribution for any damages he owed to Blufer.

Caliman has since settled with Blufer. Caliman now seeks to enforce contribution from Deeds claiming that the Higginbotham verdict results in collateral estoppel against Deeds, prohibiting him from denying contribution to Caliman. Deeds, however, contends that the issue of whose negligence caused Blufer's damages has not been determined. Thus, Deeds argues that Caliman cannot utilize the Higginbotham verdict as a basis to seek contribution from him for Caliman's settlement with Blufer.

*Analysis*

Collateral estoppel precludes parties to the first action and their privies from litigating in a subsequent suit any issue of fact actually litigated and essential to a valid and final personal judgment in the first action. *Norfolk & Western Ry. v. Bailey Lumber Co.*, 221 Va. 638, 640, 272 S.E.2d 217, 218 (1980). In order for a party to utilize collateral estoppel's preclusive sword, he or she must demonstrate: (1) identity of persons and parties to the action; (2) identity of issues; and (3) mutuality of the operation of the estoppel. *Byrum v. Ames & Webb, Inc.*, 196 Va. 597, 600, 85 S.E.2d 364, 365 (1955).

Caliman is precluded from claiming that the Higginbotham verdict results in collateral estoppel of Deeds' denial of contribution for Caliman's settlement with Blufer because Caliman has failed to establish (1) an identity of issues and (2) collateral estoppel's mutuality requirement.

The underlying issue in this case is whether Caliman's negligence proximately caused Blufer to suffer damages. Once that is established in Blufer's favor, the next issue is whether Deeds is liable to Caliman for contribution. The Higginbotham verdict merely determined the issue of whose negligence proximately caused Higginbotham, not Blufer, to suffer damages. In order for Blufer to recover, had this case gone to trial, she would have been required to prove that Caliman's negligence proximately caused her injury and damages. The fact that Caliman settled with Blufer does not, by itself, establish that Deeds was negligent, or that such negligence proximately caused Blufer to suffer damages. Simply put, the Higginbotham verdict did not resolve the issue of whose negligence proximately caused Blufer to suffer damages and, therefore, cannot serve as a basis for a claim of collateral estoppel.

Caliman has also failed to establish mutuality between the Higginbotham verdict and Blufer's claim for damages. Collateral estoppel's mutuality requirement ensures that the original adjudication is kept "within proper bounds." *Norfolk & Western* at 640. Mutuality prevents one from invoking a judgment's preclusive effect unless "he would have been bound had the prior litigation of the issue reached the opposite result." *Id*. Here, Blufer would not have been bound had the Higginbotham verdict reached the opposite result and found neither Caliman nor Deeds liable for Higginbotham's injuries. In fact, Blufer was free to bring an independent claim against anyone she chose regardless of the outcome of the Higginbotham verdict. Thus, mutuality does not exist between the Higginbotham verdict and Blufer's claim.

Based on the foregoing, the Court denies Caliman's Motion for Partial Summary Judgment. The trial will remain set for May 4, 2009.