## CIRCUIT COURT OF HANOVER COUNTY

United Leasing Corp.

v.

James C. Lehner
and Suzanne Lehner

January 14, 2009

Case No. CH04000072-00

BY JUDGE J. OVERTON HARRIS

On September 13, 2007, Defendants filed in this Court a Plea in Bar which alleges that all claims in this action are barred by the doctrine of *res judicata*. On January 29, 2008, this Court denied Defendants' Plea in Bar based upon a finding that more damages are alleged in this case than in the prior proceeding. On December 18, 2008, Defendants filed a Motion to Reconsider the Court's rulings on the Plea in Bar, along with other motions not addressed here. Upon review of the entire record, the Court hereby grants the Motion to Reconsider and finds as follows.

### I. *Analysis*

For a party to prevail in asserting the doctrine of *res judicata*, there must be a concurrence of four identities. *State Water Control Bd. v. Smithfield Foods, Inc.*, 261 Va. 209, 214, 542 S.E.2d 766, 769 (2001). There must be (1) identity of remedies sought, (2) identity of causes of action, (3) identity of the parties, and (4) identity of the quality of the persons for or against whom the claim is made. *Id.* Plaintiff asserts that the Plea in Bar fails to meet the first two prongs of the test, though all prongs will be addressed.

2

## A. *Identity of Parties*

Due to the nature of the history of this case, it is necessary to dispose of the third prong of the *res judicata* test to avoid future confusion. In the prior proceedings in the United States Bankruptcy Court, United Leasing Corporation, the plaintiff here, was granted sole ownership and control of United Refuse, L.L.C. *In re United Refuse, L.L.C.*, Case No. 04-11503-AGM (Bankr. E.D. Va. March 15, 2005) (Docket Entry 143, Adv. Proc. No. 04-1196). Plaintiff brought claims against Defendants as United Leasing Corporation, and pursued claims against Defendants through its subsidiary, United Refuse, L.L.C. *In re United Refuse, L.L.C.*, Case No. 04-11503-RGM (Bankr. E.D. Va.) (Adv. Proc. No. 04-1196); *In re United Refuse, L.L.C.*, Case No. 04-11503-RGM (Bankr. E.D. Va.) (Adv. Proc. No. 05-1551). The Court finds that United Refuse, L.L.C., is the privy of United Leasing Corporation, by virtue of the Bankruptcy Court's determination and Plaintiff's own conduct. *See Rawlings v. Lopez*, 267 Va. 4, 4-5, 591 S.E.2d 691, 692 (2004). As a result, claims brought and litigated by either in prior proceedings are attributed to Plaintiff in this case for the purposes of *res judicata*. The "identity of parties" prong of the *res judicata* test is met.

## B. *Identity of Remedies Sought*

In this case, as in the prior proceedings in the United States Bankruptcy Court, money damages are sought from Defendants. The Court sees no need for any more complicated analysis. Because money damages were sought for the claims in prior proceedings, and are again sought here, the remedies pursued in each proceeding are identical. The "identity of remedies sought" prong of the *res judicata* test is met.

## C. *Identity of Causes of Action*

Plaintiff asserts five causes of action in this case, represented by separate counts of the Amended Complaint. The Court finds that each cause of action has previously been litigated before the United States Bankruptcy Court.

Count I alleges breaches of fiduciary duties by Defendants. Defendants are specifically accused of attempted usurpation of Plaintiff's assets and opportunities, willfully impeding Plaintiff's business transactions by filing a bankruptcy petition, and promoting their own business interests to the detriment of Plaintiff, all while in Plaintiff's employ.

The Bankruptcy Court considered no less than sixteen allegations of breach of fiduciary duty. Memorandum Opinion on Motion to Reconsider, In re United Refuse, L.L.C., Case No. 04-11503-RGM, 2007 Bankr. lexis 1974 (Bankr. E.D. Va. June 7, 2007) (Adv. Proc. No. 05-1551) at 3. According to the Bankruptcy Court, the allegations against Defendants included filing fraudulent claims against Plaintiff's assets, filing a petition of bankruptcy to maintain control of Plaintiff's assets, maintaining control of Plaintiff's assets for Defendants' personal benefit, and failing to manage Plaintiff's assets in the employer's best interests. *Id.* at 3, note 5. Each element of Count I of the Amended Complaint was previously asserted in the bankruptcy case.

Count II alleges statutory and common-law conspiracy by Defendants to injure Plaintiff by seizing ownership and control of Plaintiff's assets. Six counts were pleaded by Plaintiff against Defendants in Bankruptcy Court, to include "conspiracy to unlawfully seize control and ownership of United Refuse." Memorandum Opinion on Motion for Recusal and New Trial, In re United Refuse, L.L.C., Case No. 04-11503-RGM, 2007 Bankr. lexis 1974 (Bankr. E.D. Va. June 7, 2007) (Adv. Proc. No. 05-1551) at 56. Count II is identical to a cause of action brought and litigated in the prior proceedings.

Count III alleges "tortious interference with contractual relations and business expectancies." A "tortious interference" count was litigated in the prior Bankruptcy Court proceedings. Memorandum Opinion on Motion for Recusal at 56. The Court construes both counts to be tortious interference causes of action, and finds them to be identical.

Count IV alleges conversion by Defendants in the alleged wrongful usurpation of ownership and control of United Refuse. Count IV is mirrored by an identical count brought previously before the Bankruptcy Court. Memorandum Opinion on Motion for Recusal at 56.

Finally, Count V alleges that Defendants committed fraud against Plaintiff. The very same count may be found in the records of the prior proceedings that have been litigated before the Bankruptcy Court. Memorandum Opinion on Motion for Recusal at 56.

All five counts of the Amended Complaint have been previously brought and litigated in the United States Bankruptcy Court. The Court thus finds that the "identity of causes of action" prong is met.

4

D. *Identity of the Quality of the Persons for or against Whom the Claim Is Made*

The fourth prong of the *res judicata* test is not in doubt. The parties have occupied identical capacities in this case and in the bankruptcy proceedings. Plaintiff and Defendants have always been on "the same side of the versus." *Greene v. Warrenton Prod. Credit Ass'n*, 223 Va. 462, 466, 291 S.E.2d 209, 211 (1982). The "identity of quality" prong is met.

## II. *Conclusion*

Defendants have satisfied all four prongs of the test for assertion of the doctrine of *res judicata*. The Amended Complaint is barred in its entirety, and the case is dismissed.