COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Salem, Virginia


JANET SUSAN BOYD LOONEY
                                          OPINION BY
v.    Record No. 0802-99-3          JUDGE MARVIN F. COLE
                                           APRIL 4, 2000
TEDDY RUSSELL LOONEY


          FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                    Keary R. Williams, Judge

          Robert M. Galumbeck (Dudley, Galumbeck &
          Necessary, on brief), for appellant.

          S. T. Mullins (Street, Street, Street,
          Scott & Bowman, on brief), for appellee.


     Janet Susan Boyd Looney (mother) appeals the decision of the

circuit court awarding her child support in an amount which

deviated from the statutory child support guidelines contained in

Code § 20-108.2(B).  The trial court ordered Teddy Russell Looney

(father) to pay $200 in child support pursuant to the terms of the

parties' Separation and Property Settlement Agreement (agreement).

Mother contends on appeal that the trial court erred by failing to

award the presumptive guideline support amount of $548.  We find

that the trial court did not err when it deviated from the

statutory guidelines.  Accordingly, we affirm the decision of the

trial court.

The evidence was received by the trial court ore tenus.

> On review, we consider the evidence in the
> light most favorable to the party prevailing
> in the trial court. Where the trial court's
> decision is based upon an ore tenus hearing,
> its determination will not be disturbed on
> appeal unless it is plainly wrong or without
> evidence in the record to support it.

Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). The record on appeal includes a written statement of facts setting out the evidence presented below.

On June 6, 1997, the parties executed a written agreement under which father agreed to pay $200 in monthly child support for the parties' two minor children. Father agreed to pay support until the older child reached the age of twenty-two, at which time the parties agreed father would pay $100 in monthly support. Both parties waived spousal support, although mother agreed to provide health insurance coverage for father for three years as long as she was covered through her employment. Father was required to pay the cost of any additional premiums. Under their agreement to split certain jointly owned real estate, mother received the marital residence and an adjacent piece of property, while father received a parcel of property near the Grundy Airport. The parties waived all interest in the other's retirement benefits and agreed to their current division of personal property. Mother also waived any interest in three companies in which father was a part owner.

Mother filed her bill of complaint on December 24, 1997, seeking a divorce on the ground that the parties had lived separate and apart in excess of one year. See Code § 20-91(A)(9). In her bill of complaint, mother asked the trial court to ratify, approve and confirm the agreement into its decree. Father admitted the allegations set out in mother's complaint and also asked the court to ratify the agreement into its final decree.

By notice filed April 1, 1998, mother indicated that she was seeking child support pursuant to the Code § 20-108.2 guidelines rather than the amount set out in the parties' agreement.

The trial court held an evidentiary hearing on May 29, 1998. As set out in the written statement of facts approved by the trial court, mother testified that she agreed to the reduced amount of child support because father told her that his monthly income had decreased to no more than $1,200. However, when father subsequently purchased a motorcycle and made changes to his house, mother believed he was earning more than he had disclosed. Mother admitted the marital residence she received under the agreement was worth approximately $70,000 and that her retirement account contained about $30,000. She estimated that the airport property received by father was worth about $10,000 and that father's retirement account contained about $4,000. Mother agreed it was possible that at least one of father's

-

companies had debts exceeding its assets.  Mother testified that she earned $60,000 annually in her new job.

Mother stated that the terms of the property settlement were not a factor in the agreement as to child support and that she agreed to the reduced child support amount solely because father represented that he could not pay more per month.  On cross-examination, however, mother admitted the terms of the agreement were dependent on the others and she would not have agreed to the child support amount absent the other terms.

Father presented evidence that his income in 1997 was $30,277.  He testified that he assumed additional personal debt in January 1998 to purchase a piece of heavy equipment.  He also testified that he purchased the motorcycle on credit and performed the work around his home himself.  Father testified that he viewed the terms of the agreement as dependent on each other.  He would not have waived spousal support and his right to mother's retirement benefits while agreeing to support the older child past his majority without the agreement as to child support.

The trial court found that there had been no substantial change in father's income after the agreement was executed.  The court also found that agreement as to child support was an integral part of the parties' entire agreement, including father's agreement to pay support beyond the older child's majority.

-

We find no error in the trial court's determination that the circumstances warranted a downward deviation from the presumptive amount of child support.

> "In determining child support, there is a rebuttable presumption that the amount determined in accordance with the statutory guidelines, Code § 20-108.2, is the correct award."  Should the trial judge conclude that "application of [such] guidelines would be unjust or inappropriate in a particular case as determined by relevant evidence pertaining to the factors set out in §§ 20-107.2 and 20-108.1," the court may depart from the statutory schedule, provided the attendant order adequately explains the deviation.

Cooke v. Cooke, 23 Va. App. 60, 63, 474 S.E.2d 159, 160 (1996) (citations omitted).

The trial court determined the presumptively correct amount of child support pursuant to Code § 20-108.2(B).  See Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991). The court then enumerated the factors it considered before concluding that the circumstances of this case warranted a deviation from the statutory guidelines.  See Code § 20-108.1. The court specifically found that the agreement protected the best interests of the children.

The trial court complied with the statutory requirements, and its conclusion has evidentiary support.  Therefore, we find no reversible error.

-

Accordingly, the decision of the circuit court is affirmed.

Affirmed.