PRESENT: All the Justices

CONNIE KELLOGG

v. Record No. 170643

CHRISTOPHER B. GREEN

OPINION BY
JUSTICE S. BERNARD GOODWYN
February 22, 2018

FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
B. Elliott Bondurant, Judge

In this appeal, we consider whether the circuit court erred when it sustained a plea of res judicata based upon a prior order that denied a request for a rule to show cause in a still-pending case.

BACKGROUND

Connie Kellogg (Kellogg) and Christopher B. Green (Green) married on August 22, 1998. Kellogg later filed for divorce in the Circuit Court of Gloucester County (Divorce Action) and, on April 9, 2015, the circuit court entered a final decree of divorce (Final Decree). The Final Decree incorporated, but did not merge, two documents executed by Kellogg and Green: (1) a pre-marital agreement, executed on July 14, 1998 (Pre-Marital Agreement), and (2) an "Agreement to Amend Pre-Marital Agreement, dated September, 2002 and signed by both parties on March 18, 2004" (Amended Pre-Marital Agreement) (collectively, the Agreements). The Final Decree ordered Kellogg and Green to comply with the terms of the Agreements, and provided that the Agreements "remain[ed] enforceable under either contract law or through the contempt powers" of the court. The Final Decree concluded by ordering the Divorce Action "stricken from the docket."

Subsequently, Kellogg filed a motion in the Divorce Action to amend the Final Decree in order to "reflect the correct date [ ] on which the parties signed" the Amended Pre-Marital

Agreement from March 18, 2004 to March 18, 2003 (Motion to Amend).* Kellogg also filed an affidavit and petition for a rule to show cause (Show Cause Petition). The Show Cause Petition claimed that, under the Amended Pre-Marital Agreement, Green was "indebted to [Kellogg] in the sum of $5,000.00 for each year [Kellogg and Green] were married," which totaled $82,949.44 for their sixteen-and-one-half-year marriage. The Show Cause Petition asked the court to issue an order requiring Green to appear in court and "show cause why he should not be found in contempt of Court for failure to comply with the terms of the Final Decree."

On September 16, 2015, the circuit court entered an amended final decree (Amended Final Decree), *nunc pro tunc* to April 9, 2015. The Amended Final Decree stated that "[t]he sole purpose for the entry of [the Amended Final Decree] is to correct the date the [Amended] Pre-Marital Agreement was signed by the parties from March 18, 2004 to March 18, 2003." In its final paragraph, the Amended Final Decree stated that "this cause shall remain on the docket of [the circuit court] for the purposes of enforcing the terms of the Agreements." Kellogg and Green agreed during oral argument before this Court that the Divorce Action remains pending on the circuit court's docket.

On October 1, 2015, the circuit court entered an order which memorialized the granting of the motion to amend the Final Decree and denied and dismissed the Show Cause Petition (Show Cause Order). In denying the Show Cause Petition, the court found that "the Amended Pre-Marital Agreement, incorporated into the Final Decree, does not express in specific terms the requirements for when, where or in what form payment of any amount due shall be performed and therefore a Show Cause proceeding is improper."

---

* Code § 20-121.1 permits a divorce action to be reinstated "upon the motion or application of either party to the original proceedings, . . . for such purposes as may be necessary to grant full relief to all parties."

2

Thereafter, on April 29, 2016, Kellogg filed a separate breach of contract action in the circuit court against Green seeking $82,949.44, plus attorney's fees and costs, for breach of the terms of the Agreements (Contract Action). As in the Show Cause Petition, Kellogg alleged that, pursuant to the Amended Pre-Marital Agreement, Green was "indebted to [Kellogg] in the sum of $5,000" for each year of their sixteen-and-one-half-year marriage. In her complaint in the Contract Action, Kellogg also included the allegation that Green's liability "became liquidated and due and payable" as of the entry of the Final Decree.

On July 14, 2016, Green filed a plea of res judicata in the Contract Action. Green argued that, pursuant to Rule 1:6, Kellogg was barred from bringing the Contract Action because she had sought identical relief in the Show Cause Petition in the Divorce Action and the circuit court had dismissed that petition on October 1, 2015 in the Show Cause Order, which was a final order. After a hearing, the circuit court sustained Green's plea and dismissed the Contract Action.

Kellogg filed a motion to reconsider, in which she argued that the Show Cause Order was not a final order and could not be the basis for barring the Contract Action based upon res judicata. After a hearing, the circuit court entered an order denying Kellogg's motion to reconsider, having found that the Show Cause Order was a final order. The circuit court concluded that, "pursuant to Rule 1:6, and the *Lee v. Spoden* [, 290 Va. 235, 776 S.E.2d 798 (2015)] case, . . . the issues that were raised by the filing of the breach of contract [are] the same issues that were raised in the contempt proceeding," and for those reasons, "res judicata applies to the [Contract Action]."

Kellogg appealed. The following assignment of error was granted by this Court:

3

The trial court erred in holding that the contempt order, entered in a matter still pending, was a final order and barred Kellogg's claim under the doctrine of Res Judicata.

## ANALYSIS

Kellogg argues that the circuit court erred when it held that the Contract Action was barred by res judicata, because "the element of finality is missing" from the Show Cause Order. Kellogg contends that the Show Cause Order was not final because the Amended Final Decree expressly retained the Divorce Action on the circuit court's docket for enforcement of the Agreements and the Divorce Action remains pending. Kellogg further contends that because the Divorce Action remains pending, she could not appeal the Show Cause Order, and to find that res judicata bars her from bringing a collateral action "would produce an absurd, and inequitable, result."

In response, Green contends that the Show Cause Order was a final, conclusive order that disposed of all of Kellogg's claims for relief, regardless of whether the Divorce Action remains pending. He further argues that *Lee* stands for the proposition that "if the claimant moves on a cause of action and is denied, then the same claimant is barred from future actions based on the same cause of action." Accordingly, Green claims that Kellogg's allegation of breach of contract is barred because the Show Cause Petition and Contract Action are between the same parties, arise out of the same cause of action, and request the same relief. Green further contends that even if the Amended Final Decree retained the Divorce Action on the circuit court's docket, the Show Cause Order was still an appealable final order because it concerned a "domestic relations matter" and Code § 17.1-405 "permits an appeal upon the denial of a matter raised under Title 20," which governs domestic relations.

4

Whether an action is precluded by res judicata is a question of law that this Court reviews de novo. *Caperton v. A.T. Massey Coal Co.*, 285 Va. 537, 548, 740 S.E.2d 1, 7 (2013). The party seeking to assert the defense of res judicata as a bar "must show by a preponderance of the evidence that the claim or issue should be precluded by the prior judgment." *Id.* (citation and internal quotation marks omitted).

Rule 1:6 governs claim preclusion under the doctrine of res judicata in Virginia. *Lee*, 290 Va. at 246, 776 S.E.2d at 804. In pertinent part, the Rule provides:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided *on the merits by a final judgment*, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

Rule 1:6(a) (emphasis added).

Thus, a prerequisite for claim preclusion is a final judgment on the merits of a claim. Although both elements of that prerequisite are potentially at issue in this case, Kellogg only challenges whether the Show Cause Order was a final judgment, not whether it was a decision on the merits. Therefore, in resolving this appeal, this Court will only consider whether the Show Cause Order was a final judgment. Rule 5:17(c)(1)(i) ("Only assignments of error assigned in the petition for appeal will be noticed by this Court.").

A final judgment is essential to the imposition of res judicata to bar a claim. *Norris v. Mitchell*, 255 Va. 235, 239, 495 S.E.2d 809, 812 (1998). A decree that enters judgment for a party is not final if it "expressly provides that the court retains jurisdiction to reconsider the judgment or to address other matters still pending in the action before it." *Super Fresh Food Mkts. v. Ruffin*, 263 Va. 555, 561, 561 S.E.2d 734, 737 (2002); *see also Johnson v. Woodard*,

5

281 Va. 403, 409-10, 707 S.E.2d 325, 328 (2011) ("[A] circuit court may avoid the application of the 21-day time period in Rule 1:1 by including specific language stating that the court is retaining jurisdiction to address matters still pending before the court.").

> A decree is final only when it disposes of the whole subject, gives all the relief that is contemplated and leaves nothing to be done by the court in the cause except its ministerial execution. Where further action of the court in the cause is necessary to give completely the relief contemplated by the court, the decree is not final but interlocutory.

*Brooks v. Roanoke Cty. Sanitation Auth.*, 201 Va. 934, 936, 114 S.E.2d 758, 760 (1960) (citations omitted).

The Amended Final Decree stated that "this cause shall remain on the docket of [the circuit court] for purposes of enforcing the terms of the Agreements." Kellogg filed the Show Cause Petition in an attempt to enforce the terms of the Agreements. In its Show Cause Order, the circuit court dismissed the Show Cause Petition because it concluded that a show cause petition was improper.

The Show Cause Order did not contain any language to indicate that it was a final order regarding the enforceability of the Agreements; there was no language indicating that there was nothing further to be done in the action. There was no language in the Show Cause Order which would bar the filing of a subsequent show cause petition or the attempted enforcement of the Agreements in some other manner. Thus, the Show Cause Order did not render a final judgment concerning the enforceability of the Agreements. There is no dispute that the matter is still pending on the circuit court's docket.

Furthermore, a circuit court is "empowered to change a legal determination as long as it retains jurisdiction over the proceeding before it." *Turner v. Wexler*, 244 Va. 124, 128, 418 S.E.2d 886, 888 (1992). Because there was no language in the Show Cause Order indicating that

6

the ruling was a final judgment, the circuit court retains jurisdiction and the ability to not only reverse its dismissal of the Show Cause Petition, but also to grant a subsequent show cause petition.  Thus, it is clear that the Show Cause Order was not a final order for purposes of res judicata as regards the enforceability of the Agreements.

We note that this case differs from *Lee* due to the lack of a final judgment.  In *Lee*, we stated that "findings made in a contempt proceeding have the requisite finality and scope to be accorded the preclusive effect of res judicata in subsequent proceedings."  290 Va. at 247, 776 S.E.2d at 804-05.  In so concluding, however, we still found that a necessary prerequisite to the application of res judicata was a final judgment on the merits.  *Id.* at 247, 776 S.E.2d at 804.  In *Lee*, we noted that "the contempt proceeding was clearly decided on the merits by a final judgment."  *Id.*

Here, unlike *Lee*, there was no final order entered regarding the claim that Green is attempting to preclude by his assertion of res judicata.  The reinstated Divorce Action retained the matter on the court's docket to enforce the Agreements.  The only subsequent order entered, the Show Cause Order, neither struck the Divorce Action from the docket nor found the Agreements unenforceable.  Because there was no relevant final judgment entered, res judicata does not bar Kellogg's Contract Action.

CONCLUSION

The ruling of the circuit court sustaining the plea of res judicata and dismissing the Contract Action is reversed, and this case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*