COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Humphreys and Huff
Argued by teleconference

RICHARD SPARKS AND
 JEAN BISHOP
                                                    MEMORANDUM OPINION* BY
v.      Record No. 1037-18-4                        JUDGE GLEN A. HUFF
                                                    JANUARY 29, 2019
COMMONWEALTH OF VIRGINIA, DEPARTMENT OF
 SOCIAL SERVICES, DIVISION OF CHILD SUPPORT
 ENFORCEMENT, *ex rel.* ARLINGTON COUNTY
 DEPARTMENT OF HUMAN SERVICES

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
William T. Newman, Jr., Judge

Matthew W. Greene (Greene Law Group, PLLC, on brief), for
appellant.

Janice W. McDaniel, Senior Assistant Attorney General (Mark R.
Herring, Attorney General; Victoria W. Dullaghan, Senior
Assistant Attorney General; Josh S. Ours, Senior Assistant
Attorney General, on brief), for appellee.


Richard Sparks and Jean Bishop appeal the order of the Arlington County Circuit Court

directing them to pay child support to reimburse the Commonwealth for expenses incurred while

their child was in foster care. The trial court rejected appellants' defense of *res judicata* against

the petitions filed by the Division of Child Support Enforcement (DCSE) and ordered appellants

to pay a total of $9,030 pursuant to Code §§ 63.2-909, 16.1-290(C), and 20-108.2. Appellants

raise two assignments of error:

> 1. The trial court erred when it denied appellants' motions to
>    dismiss on the grounds of *res judicata*, collateral estoppel,
>    *stare decisis*, Rule 1:6, and law of the case.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

2. The trial court erred by awarding child support contrary to Code § 20-108.1(B) when appellants' contributions to their child's care while he was in foster care exceeded the amount of their statutory child support obligation.

Because DCSE's petitions are not barred by *res judicata,* or similar preclusion bars, and the trial court did not abuse its discretion when setting the amount of child support, this Court affirms the trial court's order.

I. BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258 (2003). The factual matters in this case are largely undisputed.

On January 23, 2014, appellants' minor son was placed in foster care pursuant to a protective order arising from an abuse and neglect claim. The next day, a social worker acting on behalf of Arlington County Department of Human Services (DHS) filed separate petitions for support against each appellant in Arlington County Juvenile and Domestic Relations District Court (JDR court). DHS filed individual petitions because appellants were not married at the time, so a total of three individual separate matters—the support petition naming Mr. Sparks, the support petition naming Ms. Bishop, and the removal order/protective order naming their son—progressed through the system together. Throughout 2014, all three matters were continued multiple times as the case progressed through assessment and treatment. In July of 2014 appellants' son returned home, and the JDR court noted that "full legal custody should be returned by next hearing." That permanency planning hearing was set for October 2014.

On October 30, 2014, the JDR court prepared handwritten form Order/Record of Proceedings documents in each of the three matters. The orders/records of proceedings in each of the support cases were made from photocopies of the order/record of proceedings in the

permanency planning hearing which was part of the foster care protective order proceeding. The documents were identical except for the party names and case numbers. All three documents contained the words "Pro[tective] Order dismissed" and "any child support obligation ceases." All three also contained the words "matter continues on docket to 3-27-15 XP dismissal." None of these documents, however, addressed the question of how much child support appellants would owe, if any, for the time their son was in foster care. On March 3, 2015, DCSE filed new child support petitions in the Arlington JDR court on behalf of DHS, seeking support from both appellants for the period that their son was in foster care. These petitions were marked with the same case numbers as the original petitions by DHS—24152 for Mr. Sparks, 24153 for Ms. Bishop—but with different suffixes added to the case numbers. The JDR court entered final support orders on April 5, 2016, ordering appellants to pay support for the months that the child was in a foster home. Appellants appealed to the trial court and moved to dismiss the petitions filed by DCSE in March of 2015 on the grounds that the petitions filed by DHS on January 24, 2014, were dismissed on October 30, 2014 and that thus any subsequent petition by the Commonwealth for child support from appellants for the time periods in question was barred by *res judicata*.

The trial court heard argument on appellants' motion to dismiss and rejected it, ruling that the October 30, 2014 order of the JDR court did not constitute a final judgment on the merits. On April 19, 2018, the trial court heard evidence from both sides regarding the amount of time appellants' son spent in foster care, appellants' gross income during that time, the amount of money appellants spent on treatment and services for their son while he remained in the physical custody of a foster family, and the amount appellants spent after he returned to their physical custody. The trial court considered appellants' argument that they should be given credit for their significant out-of-pocket payments towards their son's treatment and services

while he was in foster care, but rejected that argument and applied the presumptive child support guidelines from Code § 20-108.2.  The trial court concluded that appellants owed the Commonwealth child support for the time their son was in the physical custody of a foster home, from late January through June of 2014, and ordered them to pay $9,030, the amount required by the guidelines.  This appeal followed.

## II.  ANALYSIS

Appellants argue that DCSE's petitions should be barred by *res judicata* because the order/record of proceedings published by the JDR court on October 30, 2014, was a valid, final judgment on the merits answering the question of whether appellants owed any child support to the Commonwealth.[1]  Appellants further argue that the trial court misapplied Code § 20-108.1(B) and should not have ordered them to pay any child support because their out-of-pocket expenditures for therapy and treatment exceeded the amount they were obliged to pay under the code.  We disagree.  Because appellants failed to carry their burden of proving that *res judicata* applies in this case, and because the trial court acted within its sound discretion setting the amount of child support appellants owed, this Court will affirm the order of the trial court.

### A.  *Res Judicata*

Whether an action is precluded by *res judicata* is a question of law that appellate courts review *de novo*.  Kellogg v. Green, 295 Va. 39, 44 (2018).  The party seeking to assert the defense of *res judicata* as a bar "must show by a preponderance of the evidence that the claim or

---

[1] "The doctrine of *res judicata* encompasses four preclusive effects that a final judgment may have upon subsequent litigation: *res judicata-bar,* merger, direct estoppel and collateral estoppel." Com., Dept. of Soc. Services, Div. of Child Support Enf't ex rel. Gray v. Johnson, 7 Va. App. 614, 618 (1989).  Appellants refer to "*res judicata*, collateral estoppel, stare decisis and the law of the case" in their assignment of error, but present authority and argument only related to *res judicata-bar*.  Accordingly, this Court will only address *res judicata-bar*.  Rule 5A:20.

issue should be precluded by the prior judgment." Id. (quoting Caperton v. A.T. Massey Coal Co., 285 Va. 537, 548 (2013)).

*Res judicata* is a long-established principle codified in Virginia by Rule 1:6 of the Rules of the Supreme Court, which states in pertinent part as follows:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence . . . .

In order to assert *res judicata* to bar a cause of action, a litigant must establish "(1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made." Com., Dept. of Soc. Services, Div. of Child Support Enf't ex rel. Gray v. Johnson, 7 Va. App. 614, 618 (1989). The litigant must also prove "that a valid final judgment on the merits has been reached by a court of competent jurisdiction." Id.

The first four elements are not in dispute in this case. Both parties agree that the cause of action, remedy, parties, and quality of the persons involved are identical between the petitions filed by DHS in 2014 and the ones filed by DCSE in 2015. The only question is whether the petitions filed in 2014 were resolved by a valid final judgment on the merits.

Appellants point out that the order/record of proceedings from the JDR court dated October 30, 2014, contains the phrase "any child support obligation ceases," and asserts that this language constitutes a final judgment on the merits of the child support petitions filed by DHS on January 24, 2014. Appellants provided no further evidence and no independent legal authority to support this interpretation. DCSE counters that this language signals the end of appellants' responsibility for child support, but that it provides no resolution to the question of how much child support appellants owe for the time their son was in the legal custody of DHS from January

24, 2014, to October 30, 2014. The trial court agreed with DCSE and concluded "[b]ased on the record before it, this Court cannot determine whether the JDR Court ever heard evidence on the merits of any dispute between the parties." This Court holds that the trial court was correct because, regardless of whether it heard evidence on the merits, the JDR court's record of proceedings from October 30, 2014, is not a final judgment, and appellants provide no other evidence that the JDR court ever rendered a final judgment on the original support petitions.

In order to be considered a valid, final judgment on the merits, a judgment must first be final. As the Supreme Court recently pointed out, "[a] final judgment is essential to the imposition of *res judicata* . . . . A decree that enters judgment for a party is not final if it 'expressly provides that the court retains jurisdiction to . . . address other matters still pending in the action before it.'" Kellogg, 295 Va. at 45 (quoting Super Fresh Food Mkts. v. Ruffin, 263 Va. 555, 561 (2002)).

The order/record of proceedings from October 30, 2014, upon which appellants base their entire claim of *res judicata*, is devoid of any language indicating finality. To the contrary, the words "matter continues on docket to 3-27-15 XP dismissal" indicate that the court is continuing the case until March 27, 2015. The document includes no specific language indicating that the child support petitions were dismissed. It merely states that child support "obligations cease." In contrast, it specifically states "Pro[tective] order dismissed," indicating that if the issuing court wanted to dismiss the petitions as it dismissed the protective order, it would have used the same language. Since the petitions were not dismissed by this document and it contains language that expressly retains "jurisdiction to . . . address other matters still pending in the action before it," this document cannot be a final judgment on those petitions. Kellogg, 295 Va. at 45. In contrast, the orders issued by the JDR court on April 5, 2016—which bore the same case numbers as the original proceedings from 2014, adding only a different suffix—are clearly

marked "final order" and include specific findings of the exact amount of child support for which each appellant is responsible. The record of proceedings from October 30, 2014 is the only evidence appellants presented to the trial court to prove that the petitions filed in January of 2014 were disposed of by a "final judgment on the merits."

Based on the record before this Court, appellants have failed to show, by a preponderance of the evidence, that the original petitions were disposed of by a valid, final judgment on the merits. The only document appellants presented to the trial court, or to this Court, does not memorialize a final judgment. Accordingly, the trial court was correct when it rejected appellants' claim of *res judicata*.

## B. Application of Code § 20-108.1(B)

Determining the amount of child support is "a matter of discretion for the circuit court . . . ." Oley v. Branch, 63 Va. App. 681, 699 (2014). When a trial court decides a case based upon evidence taken *ore tenus*, "its determination will not be disturbed on appeal unless it is plainly wrong or without evidence in the record to support it." Looney v. Looney, 32 Va. App. 134, 136 (2000). A circuit court would, however, abuse its discretion by issuing a ruling based on an erroneous view of the law. Bomar v. Bomar, 45 Va. App. 229, 236 (2005). Accordingly, this Court will review a trial court's child support award to ensure it was not guided by an erroneous legal conclusion. Id.

Appellants allege the circuit court "violated Code § 20-108.1(B)" by ordering them to pay support because the amount they spent on their child's therapy and medical care while he was in state custody exceeded the presumptive amount of their child support obligation based on the guidelines. Appellants cite no legal authority to support their assertion that they are entitled to credit for their substantial out-of-pocket expenses. Nothing in Code § 20-108.1(B)(8), or elsewhere in the relevant statute, requires the court to offset out-of-pocket expenses against an

award based on the statutory guidelines, and appellants provide no legal authority to support such a requirement.

Pursuant to Rule 5A:20(e), appellants must provide principles of law and authorities to support their argument on each assignment of error. This rule "bars us from addressing any issues unsupported by authority." Rambo v. Commonwealth, 51 Va. App. 418, 426 (2008) (quoting Klein v. Klein, 49 Va. App. 478, 482 (2007)). Because they presented no supporting legal authority, this Court will not consider appellants' claim that they are entitled to an offset from their child support debt based on the amount they paid for their child's medical care.

## IV. CONCLUSION

For the foregoing reasons, this Court affirms the trial court's award of child support to DCSE.

Affirmed.