COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Malveaux and Senior Judge Annunziata

UNPUBLISHED

CAROLYN RUMBAUGH

MEMORANDUM OPINION*
v.      Record No. 0255-19-2                                PER CURIAM
                                                          AUGUST 13, 2019
SHAWN PEDDICORD

FROM THE CIRCUIT COURT OF HANOVER COUNTY
Gordon F. Willis, Judge

(Carolyn Rumbaugh, on brief), *pro se*.  Appellant submitting on
brief.

No brief for appellee.

Carolyn Rumbaugh appeals the orders vacating an order that reinstated the case on the

circuit court's docket and denying her motion to reconsider.  Rumbaugh argues that the circuit court

erred by (1) holding that the order reinstating the case on the docket "was entered in error on the

ground of no hearing prior to its entry" because a hearing was "not statutorily required;" (2) ruling

that a prior order, entered November 8, 2017, was "'in full force and effect' as it was a nullity;"

(3) refusing to reinstate the matter on the docket by "not finding due proof of errors, omitted relief

and unresolved issues from the prior trial;" (4) denying reinstatement and "not finding mistakes;"

and (5) denying the motion to reconsider and ruling that "it was not well founded."  Upon

reviewing the record and briefs of the parties, we conclude that the circuit court did not err.

Accordingly, we affirm the decision of the circuit court.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Menninger v. Menninger, 64 Va. App. 616, 618 (2015) (quoting Congdon v. Congdon, 40 Va. App. 255, 258 (2003)).

In 2016, Rumbaugh filed a show cause summons with the Hanover County Juvenile and Domestic Relations District Court (the JDR court). She alleged that Peddicord had not paid child support as ordered and owed child support arrearages. The JDR court found that there were no arrearages owed, and Rumbaugh appealed to the circuit court. The parties submitted written memoranda and argued their positions before the circuit court. The circuit court dismissed with prejudice the show cause Rumbaugh had filed by order of November 8, 2017 (the dismissal order). Rumbaugh appealed the ruling to this Court, and we dismissed the appeal without prejudice because this Court did not have jurisdiction to review the circuit court's ruling dismissing the show cause against Peddicord. See Rumbaugh v. Peddicord, Record No. 1974-17-2 (Va. Ct. App. May 1, 2018).

On August 3, 2018, Rumbaugh filed a *pro se* "Motion to Reinstate Dismissed Case." She asked the circuit court to reinstate the matter on the docket and set aside the dismissal order. On August 27, 2018, the circuit court entered an order (the reinstatement order) granting Rumbaugh's motion and reinstated the matter on the docket. Rumbaugh then filed a "Motion for Relief to Correct Order" and asked the court to "correct the misrepresentations and enter the omitted judgment for arrearages and medical expenses." Peddicord, by counsel, filed an objection to the motion to reinstate and moved the court to dismiss the matter based on *res judicata* and collateral estoppel.

On January 17, 2019, the parties appeared before the circuit court.[1] The circuit court held that the reinstatement order was entered in error and vacated that order. The circuit court further found that the motion to reinstate was "not well founded and not grounded in fact; nor is it warranted by existing law or a good faith argument for the extension, modification, or reversal of pre-existing law." Accordingly, the circuit court denied Rumbaugh's motion to reinstate and motion to correct and held that the dismissal order remained in full force and effect. Rumbaugh filed a motion to reconsider, which the circuit court denied. This appeal followed.

ANALYSIS

Rumbaugh argues that the circuit court erred by vacating the reinstatement order, denying her motions to reinstate the show cause proceedings and correct the dismissal order, and ordering that the dismissal order "continues to be in full force and effect." Rumbaugh acknowledges that her "[m]otion for [r]einstatement also served as a [m]otion to set aside the November 8 dismissal" order. She further claims that she "was not fairly heard" at the 2017 hearing, "as the scheduled 90 minutes was reduced to 10." She also asserts that the circuit court erred by previously finding that there were no arrearages owed, not awarding her monies for medical expenses, and waiving her endorsement of the dismissal order pursuant to Rule 1:13. Peddicord argued to the circuit court that Rumbaugh's motions were filed with the intent "to relitigate the original proceedings" and that they were barred by *res judicata* and collateral estoppel.

"Whether an action is precluded by res judicata is a question of law that [an appellate court] reviews de novo." Kellogg v. Green, 295 Va. 39, 44 (2018).

"Res judicata involves both issue and claim preclusion." Funny Guy, LLC v. Lecego, LLC, 293 Va. 135, 142 (2017); see also Rule 1:6. "Issue preclusion bars relitigation of common

---

[1] The record does not include a transcript of the January 7, 2019 hearing, but it does include a written statement of facts.

factual issues between the same or related parties." Funny Guy, 295 Va. at 142. "Under the concept of collateral estoppel, 'the parties to the first action and their privies are precluded from litigating [in a subsequent suit] any issue of fact actually litigated and essential to a valid and final personal judgment in the first action.'" Id. (quoting Rawlings v. Lopez, 267 Va. 4, 4-5 (2004) (alteration in original)). "Claim preclusion, on the other hand, 'bars the assertion of legal or equitable rights of action, *even if they were not specifically resolved in earlier litigation. . . .*'" Id. (quoting Kent Sinclair & Leigh B. Middleditch, Jr., Virginia Civil Procedure § 14.11[B][5], at 1214 (6th ed. 2014) (emphasis in original)).

Here, Rumbaugh's motions to reinstate and correct were an attempt to relitigate the child support and arrearage issues that were litigated and decided in the 2017 proceedings. The case involved the same parties, Rumbaugh and Peddicord, and the same facts and arguments previously presented to the circuit court when it entered the dismissal order. The circuit court held that "there [was] no child support arrearage owed from [Peddicord] to [Rumbaugh]," and the show cause Rumbaugh filed against Peddicord was "dismissed with prejudice." The dismissal order further "remov[ed] the matter from the Court's docket."

"[A]s a general proposition a judgment of dismissal which expressly provides that it is 'with prejudice' operates as *res judicata* and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff." Lambert v. Javed, 273 Va. 307, 310 (2007) (quoting Virginia Concrete Co. v. Board of Supervisors, 197 Va. 821, 825 (1956)). "[B]oth state and federal courts have recognized that findings made in a contempt proceeding have the requisite finality and scope to be accorded the preclusive effect of res judicata in subsequent proceedings between the parties." Lee v. Spoden, 290 Va. 235, 247 (2015).

The dismissal order resolved all of the parties' issues regarding Rumbaugh's motion for show cause, so Rumbaugh was precluded from litigating the same issues again. Rumbaugh attempted to do so by moving to reinstate the matter on the docket and asking the court to revisit the support and arrearages issues. The circuit court erred when it granted Rumbaugh's motion to reinstate the matter on the docket because *res judicata* applied; however, since the matter was still within its jurisdiction, the circuit court had the authority to correct the reinstatement order by vacating it. Rule 1:1. Furthermore, the circuit court did not err in denying Rumbaugh's motion to reconsider. Contrary to Rumbaugh's arguments, the circuit court did not err in vacating the reinstatement order, denying her motions, and holding that the dismissal order remains in full force and effect.

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

<u>Affirmed.</u>