COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, Malveaux and Chaney
Argued at Lexington, Virginia

**UNPUBLISHED**

JEREMIAH HENDERSON

v.        Record No. 0222-23-3

AUSTIN K. MCCLAIN

MEMORANDUM OPINION* BY
JUDGE MARY BENNETT MALVEAUX
MARCH 5, 2024

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Onzlee Ware, Judge

Gary M. Bowman for appellant.

Timothy R. Spencer, City Attorney (Douglas P. Barber, Jr., Assistant
City Attorney, on brief), for appellee.

Jeremiah Henderson appeals from an order of the Circuit Court for the City of Roanoke

("the circuit court") sustaining the plea in bar of Austin K. McClain on grounds of res judicata.

On appeal, Henderson argues that the circuit court erred by granting the plea in bar because:

(1) no federal court judgment order was entered into evidence, and no federal court judgment is

part of the record; (2) McClain did not prove that the federal court exercised, or would have

exercised but had no opportunity to exercise, supplemental jurisdiction over Henderson's state

law claims; and (3) the circuit court did not permit Henderson to present evidence to a jury that

the federal court had an opportunity, but declined, to exercise supplemental jurisdiction over

Henderson's state law claims.  For the following reasons, we affirm the circuit court.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

## I.  BACKGROUND

This appeal ultimately arises from events that occurred at a retail store in Roanoke on October 15, 2018.  McClain, a City of Roanoke police officer, encountered Henderson at the store during a confrontation between Henderson and store employees.  Following their encounter, Henderson filed a complaint against McClain in the circuit court on September 20, 2019.  Henderson's claims were brought pursuant to 42 U.S.C. § 1983 and alleged violations of his federal civil rights, premised on theories of false arrest and malicious criminal prosecution.

On October 15, 2019, McClain removed Henderson's action to the United States District Court for the Western District of Virginia ("the federal court").  He then filed a motion for summary judgment on February 25, 2020, arguing in part that he was entitled to qualified immunity.

On March 9, 2020, Henderson moved the federal court for leave to file an amended complaint.  In the amended complaint appended to his motion, Henderson reiterated his two counts alleging federal rights violations pursuant to 42 U.S.C. § 1983 and added a third count alleging use of excessive force in violation of the same statute.  He also added four new counts alleging state law claims of gross negligence, false arrest, malicious prosecution, and intentional infliction of emotional distress.  Additionally, Henderson filed a supporting memorandum in which he stated that he sought leave to amend partly "to obtain clarification from this Court . . . as to whether it will exercise supplemental jurisdiction over his state law claims."  He further stated that if the federal court "exercises supplemental jurisdiction over the state law claims, those claims can be tried in [the federal court] in one trial with the federal claims.  Even if [the federal court] declines to exercise supplemental jurisdiction, [he] will have taken necessary action to prevent the preclusion of his state law claims."

On July 24, 2020, while his motion for leave to amend was pending before the federal court, Henderson filed a new complaint in the circuit court.  Henderson's complaint contained four counts

alleging the same state law claims contained in the proposed amended complaint submitted to the federal court: gross negligence, false arrest, malicious prosecution, and intentional infliction of emotional distress.

On September 18, 2020, McClain filed in the federal court a motion asking that court to enjoin Henderson's state court proceedings. In a memorandum in support of his motion, McClain argued that the new proceeding in the circuit court "involve[d] the same incidents that occurred on October 15, 2018" and "similar causes of action which had previously been removed from [the circuit] court, and are currently pending before this [c]ourt." He noted that Henderson's motion for leave to amend his complaint was pending before the federal court, and contended that "the new [s]tate court action is an attempt to go around this [c]ourt's likely ruling" on Henderson's motion for leave to amend "which . . . is also an attempt to go around this [c]ourt's likely ruling" on McClain's motion for summary judgment.

Five days later, on September 23, 2020, Henderson filed a notice of withdrawal of his motion for leave to amend in the federal court. In his notice, Henderson acknowledged that at that time, "[n]o hearing on the motion ha[d] been held or scheduled."

On October 1, 2020, Henderson filed in the federal court a memorandum in opposition to McClain's motion requesting enjoinment of Henderson's state court action. In his memorandum, Henderson argued that his "motion for leave to amend his [c]omplaint to add his state-law claims . . . was to avoid preclusion of those claims in later state-court litigation." He stated that "he believed it was necessary to give the federal court the opportunity to exercise supplemental jurisdiction over [his] state-law claims to avoid possible preclusion of those claims in a later state-court case."

The federal court granted McClain's motion for summary judgment on October 19, 2020. In a memorandum opinion, the federal court first explained that McClain was entitled to qualified

immunity against Henderson's claims alleging violations of 42 U.S.C. § 1983. It then addressed McClain's motion to enjoin the circuit court proceedings, noting that the motion was based on Henderson's "putative amendment to [his] complaint that attempted to add a raft of state-law claims under this court's supplemental jurisdiction." But "Henderson withdrew his motion to add these state-law claims . . . before the court could rule on the motion." Although Henderson had then filed those claims in the circuit court, the federal court concluded that the "state-court suit is composed entirely of state-law claims not present in this case and over which this court has never exercised jurisdiction." Accordingly, the federal court "discern[ed] no threat to its jurisdiction from the ongoing state-court litigation," and declined to grant McClain's motion to enjoin the circuit court proceedings.

Two days later, on October 21, 2020, McClain filed in the circuit court a plea in bar asserting res judicata.[1] He noted that the federal court had granted his motion for summary judgment and "dismissed all of [Henderson's] 42 U.S.C. § 1983 [c]laims" and that "[a]ll of those dismissed claims arose out of the same conduct, transaction, or occurrence" as the claims in the complaint pending before the circuit court. The latter claims, McClain argued, should be dismissed because they "constitute a second or subsequent civil action against . . . [McClain] arising from the same conduct, transaction or occurrence which could have been added to [Henderson's] § 1983 action pursuant to . . . supplemental jurisdiction." Since the federal action "has been previously decided on the merits by a final judgment," McClain contended, "this second action is forever barred." McClain attached, as an exhibit to his motion, a copy of the federal court's memorandum

---

[1] Although the motion was originally styled as a motion to dismiss, McClain later moved the circuit court to "convert and/or retitle" his motion as a plea in bar asserting res judicata. Henderson acknowledged to the circuit court that the motion was more properly a plea in bar, and the circuit court regarded the motion as such in its subsequent orders.

opinion.  Although the opinion made reference to its "accompanying [o]rder," McClain did not attach a copy of the federal court's order to his motion.

Following a March 17, 2021 hearing, during which Henderson requested that the matter be heard by a jury, the circuit court sustained McClain's plea in bar.  In a March 23, 2021 order, the circuit court first denied Henderson's demand for a jury trial because there were no material facts contested by the parties that were relevant to McClain's plea in bar.  The circuit court then sustained McClain's plea in bar on grounds of claim preclusion and dismissed Henderson's suit.[2]

In explaining its reasoning with respect to res judicata, the circuit court noted that under federal principles of claim preclusion, the party asserting claim preclusion must establish: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the prior and the later suit; and (3) identity of the parties in the two suits, or of their privies.  Noting that the third element was not at issue, the circuit court then concluded, with respect to the first element, that there had been "a final judgment on the merits in the prior federal suit."  With respect to the second element—identity of the cause of action—the court noted that it would first have to determine whether Henderson "could have brought these [state law] claims with the prior case at all."  It concluded that "[t]he claims alleged in the current case flow directly from the same facts as the claims raised in federal court," and thus "[i]t appears that the[] requirements [for federal supplemental jurisdiction] would be met in this case."  The circuit court further stated that, "[a]s there is no indication that the federal court would have declined to exercise jurisdiction in this case and the facts indicate that the federal court likely would have exercised such jurisdiction, this [c]ourt

---

[2] In a footnote, the circuit court stated that because its "ruling based on claim preclusion is dispositive," it would "make[] no ruling on the topic of issue preclusion also raised by [McClain]."  Because the circuit court never ruled on issue preclusion, we do not address the issue preclusion argument McClain presents on brief.  *See Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010) (noting that when there is no ruling on a matter presented to a trial court, "'there is no ruling for [this Court] to review' on appeal" (alteration in original) (quoting *Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993))).

finds that [Henderson] could have brought these claims in the case before the federal court." The circuit court then addressed "the substance of the second element," applying the "transactional approach" to determine whether Henderson's claims in his state court suit arose out of the same transaction as the claims resolved by the federal court judgment. The circuit court concluded that they did and that "the two cases constitute the same cause of action."

Three days later, on March 26, 2021, Henderson filed a motion for reconsideration and requested that the circuit court defer entering an order dismissing the case until the resolution of Henderson's appeal of the federal court case. As an exhibit to his motion, Henderson attached a copy of his November 4, 2020 notice of appeal filed with the federal court. The notice specified that Henderson was appealing "the [o]rder . . . of this [c]ourt, dated October 19, 2020, granting summary judgment to [McClain]."

The circuit court, by order dated March 30, 2021, granted Henderson's motion and vacated and suspended its March 23, 2021 order pending resolution of Henderson's federal appeal.

On June 8, 2022, McClain filed a motion to reinstate the circuit court's March 23, 2021 order. In his motion, McClain noted that on March 9, 2022, the United States Court of Appeals for the Fourth Circuit had affirmed the federal court's ruling granting him summary judgment. McClain also noted that the time for Henderson to file a petition for a writ of certiorari with the United States Supreme Court had expired. McClain attached, as an exhibit to his motion, a copy of the Fourth Circuit's opinion affirming the federal court's summary judgment ruling.

Following a January 11, 2023 hearing on McClain's motion to reinstate the circuit court's March 23, 2021 order,[3] the circuit court found that "the appeal of the federal district court decision

---

[3] The record does not contain a transcript of this hearing.

has now been completed, and all appeals are final." Accordingly, it reinstated its order sustaining McClain's plea in bar and dismissing Henderson's complaint.

This appeal followed.

## II. ANALYSIS

Henderson assigns three errors to the circuit court for sustaining McClain's plea in bar on grounds of res judicata.

"A plea in bar asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019) (quoting *Hawthorne v. VanMarter*, 279 Va. 566, 577 (2010)). "In one sense, [a plea in bar] . . . is wholly unlike a demurrer, which merely '"tests the legal sufficiency of" the allegations in a complaint.'" *California Condo. Ass'n v. Peterson,* 301 Va. 14, 20 (2022) (quoting *Our Lady of Peace, Inc. v. Morgan*, 297 Va. 832, 847 n.4 (2019)). "Under modern practice, a plea in bar does not point out the legal insufficiency of allegations but rather demonstrates their irrelevance because of some other dispositive point — usually some affirmative defense." *Id.* (quoting *Our Lady of Peace, LLC*, 297 Va. at 847 n.4). However, "in another sense, a plea in bar is partly like a demurrer" because it "can raise an affirmative defense targeting solely the allegations of the complaint (assumed arguendo to be true), thus obviating any need for an evidentiary hearing." *Id.* at 20-21. While "[s]ome plea-in-bar arguments turn heavily on facts, . . . [o]ther plea-in-bar arguments turn primarily on law, such as a plea asserting the protections of sovereign immunity based solely on the allegations of the complaint." *Id.* at 21.

If evidence is presented ore tenus on a plea in bar, "the circuit court's factual findings 'are accorded the weight of a jury finding and will not be disturbed on appeal unless they are plainly wrong or without evidentiary support.'" *Cornell v. Benedict*, 301 Va. 342, 349 (2022) (quoting *Massenburg*, 298 Va. at 216). "When the plea in bar depends on pure legal questions

. . . , we review the circuit court's holding de novo." *Id.* "The party asserting the plea in bar bears the burden of proof." *Massenburg*, 298 Va. at 216.

    A. <u>The Federal Court Judgment</u>

Henderson argues that the circuit court erred in sustaining McClain's plea in bar on grounds of res judicata because McClain "did not offer a federal court judgment [o]rder into evidence and no federal court judgment is part of the record" to support the circuit court's ruling. Henderson notes that in its March 23, 2021 order sustaining McClain's plea in bar, the circuit court stated that McClain "admitted certified copies of the filings and record of the federal court that form the basis of the plea of res judicata." He also correctly notes that "a federal court [o]rder granting judgment against Henderson was never submitted to the [c]ircuit [c]ourt or admitted into the record of this case." Citing the advisory committee notes to Rule 58(a) of the Federal Rules of Civil Procedure, Henderson asserts that "the judgment <u>Order</u> is the judgment in a federal court case," and contends that the absence of such an order "was 'fatal' to McClain's plea in bar" because without such an order, "[t]here was insufficient evidence in the record to support the . . . conclusion that a prior federal judgment precludes Henderson's present case."

Rule 1:6, which addresses res judicata claim preclusion, provides, in pertinent part, that a party whose claim "arising from identified conduct . . . or an occurrence, is decided on the merits by a final judgment, is forever barred from prosecuting any second or subsequent civil action against the same opposing party . . . on any claim or cause of action that arises from that same conduct . . . or occurrence." Rule 1:6(a); *see also Funny Guy, LLC v. Lecego, LLC*, 293 Va. 135, 141-50 (2017) (discussing common-law principles of res judicata and their codification in Rule 1:6 and related statutes). "Thus, a prerequisite for claim preclusion is a final judgment on the

merits of a claim."[4]  *Kellogg v. Green*, 295 Va. 39, 45 (2018).  "Whether a claim or issue is precluded by a prior judgment is a question of law this Court reviews de novo."  *Lane v. Bayview Loan Servicing, LLC*, 297 Va. 645, 653 (2019).  With respect to questions of evidentiary sufficiency, however, "the trial court's judgment will not be disturbed unless it is plainly wrong or without evidence to support it."  *Sidya v. World Telecom Exch. Comms., LLC*, 301 Va. 31, 37 (2022) (quoting *Nolte v. MT Tech. Enters., LLC*, 284 Va. 80, 90 (2012)).

We are not persuaded by Henderson's argument.  The gravamen of Henderson's argument is that for a circuit court to find sufficient evidence of a final judgment to sustain a plea in bar on grounds of res judicata, the record before the court must contain a copy of a final judgment order.  Henderson proffers no federal or Virginia caselaw to support that proposition, and relies entirely upon Federal Rule of Civil Procedure 58(a) and its advisory committee notes.  That Rule states, in pertinent part, only that "[e]very judgment and amended judgment must be set out in a separate document."  Fed. R. Civ. P. 58(a).  Thus, the plain language of the Rule neither addresses the question relevant here, which concerns evidentiary proof in the res judicata context, nor requires that a judgment be styled an "order" to have legal effect as a final judgment.

Henderson maintains that the text of the advisory committee's note on a 1963 amendment to the Rule imposes that requirement.  That note opines that "[t]he amended rule . . . requir[es] that there be a judgment set out on a separate document—distinct from any opinion or

---

[4] Henderson only challenges whether there was sufficient evidence of a prior federal final judgment to support the circuit court's res judicata ruling.  Accordingly, we do not consider whether the judgment at issue was a decision "on the merits."  *See Kellogg*, 295 Va. at 45 (declining to consider whether the relevant order was rendered on the merits where appellant argued only that it was not a final judgment).

memorandum—which provides the basis for the entry of judgment."[5]  Fed. R. Civ. P. 58 advisory committee's note to 1963 amendment.  However, the plain language of this note does not require, as Henderson asserts, that such a "judgment set out on a separate document" be "the judgment [o]rder" to constitute a final judgment for purposes of res judicata.  Further, the notes of an advisory committee are just what their name implies: advisory.  They are evidence of the Rule drafters' intent, but do not comprise the binding Rules themselves.  *See, e.g.*, 28 U.S.C. § 2702(a) (authorizing the Supreme Court of the United States to "prescribe general *rules* of practice and procedure . . . for cases in the United States . . . courts" (emphasis added)); *cf. Libretti v. United States*, 516 U.S. 29, 41 (1995) (considering whether advisory committee notes on an amendment to the Federal Rules of Criminal Procedure "shed any particular light on the meaning of the language of [the] Rule"); *Tome v. United States*, 513 U.S. 150, 160 (1995) (referring to the advisory committee notes on the Federal Rules of Evidence as merely a "useful guide" to parsing the Rules and a "source of scholarly commentary"); *Hohn v. United States*, 524 U.S. 236, 245 (1998) ("reject[ing]" a "suggestion contained in the Advisory Committee's Notes" concerning the interpretation of Fed. R. App. P. 22(b)); *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 557 (2010) (Scalia, J., concurring) ("The Advisory Committee's insights into the proper interpretation of a Rule's text are useful to the same extent as any scholarly commentary. But . . . it is the text of the Rule that controls.").

---

[5] On brief, Henderson misquotes the note in a way that is not immaterial, presenting it as stating "that the Rule requires that a judgment be set out on a separate document, 'distinct from any opinion or memorandum' 'which *forms* the basis for the entry of judgment.'"  (Emphasis added).  In fact, as quoted above, the note states, "which *provides* the basis for the entry of judgment."  (Emphasis added).

We also note that the commentary relied upon by Henderson, read in full and in context, makes clear that the language in the Rule was not intended to establish the principle, as Henderson contends, that "the judgment <u>Order</u> is the judgment in a federal court case."  Rather, the full comment reveals that the language at issue was crafted in response to an entirely different set of concerns respecting "uncertainties" over calculating the running of limitation periods.  Fed. R. Civ. P. 58 advisory committee's note to 1963 amendment.

We are likewise unpersuaded by Henderson's argument that without the federal court's order granting summary judgment to McClain, "[t]here was insufficient evidence in the record to support the . . . conclusion that a prior federal judgment preclude[d] Henderson's present case." The circuit court had before it, as an exhibit to McClain's plea in bar, a copy of the federal court's memorandum opinion granting McClain summary judgment. That opinion contained the judgment of the federal court. Henderson appealed that judgment to the Fourth Circuit, and as an exhibit to his motion for reconsideration and deferred entry of the circuit court's March 23, 2021 order, Henderson appended a copy of his notice of appeal. The notice of appeal specified that Henderson was appealing the federal court's October 19, 2020 order "granting summary judgment to [McClain]." When McClain moved the circuit court to reinstate its previously vacated and suspended March 23, 2021 order, he appended, as an exhibit to his motion, a copy of the decision rendered by the Fourth Circuit affirming the federal court's judgment. And McClain also noted that the time for Henderson to file a petition for a writ of certiorari to the United States Supreme Court had since expired. Thus, at the time the circuit court reinstated its March 23, 2021 order on January 11, 2023, the court had before it ample evidence to support its ruling that a prior federal judgment existed that precluded Henderson's present case. Accordingly, we affirm that ruling.

B. The Federal Court's Supplemental Jurisdiction

Henderson contends that the circuit court erred by granting the plea in bar "because McClain did not carry his burden of proving that the federal court exercised, or would have exercised but had no opportunity to exercise, supplemental jurisdiction over Henderson's state law claims." On brief, Henderson acknowledges that "[t]he party asserting a plea in bar of res judicata has the burden of proving that the adverse party could have litigated his state law [claims] in federal court." Regardless, the gravamen of Henderson's argument on brief, and at

oral argument before this Court, is that the circuit court erred in its res judicata analysis because it considered whether his claims *could* have been brought in the federal court, rather than whether the federal court "*would* have exercised jurisdiction over [his] state law claims." (Emphasis added).

Here, the circuit court considered the requirements for a federal court to exercise supplemental jurisdiction over state law claims and found that based on Henderson's claims before it, "[Henderson] could have brought these claims in the case before the federal court."  In so finding, the circuit court applied the correct legal standard for the requisite analysis.  *See, e.g.*, *Funny Guy*, 293 Va. at 143 (noting that in a res judicata analysis, "[d]etermining which claims *should* have been brought in earlier litigation largely depends on which claims *could* have been been brought" (quoting Kent Sinclair, *Guide to Virginia Law & Equity Reform and Other Landmark Changes* § 11.2, at 247 (2006))); *id.* at 148 (discussing the "could-have-litigated aspect" of res judicata); *D'Ambrosio v. Wolf*, 295 Va. 48, 54 (2018) (discussing Rule 1:6(a) and noting that "parties may not 'relitigat[e] . . . the same cause of action, or any part thereof which *could* have been litigated' in the previous action" (alterations in original) (quoting *Bates v. Devers*, 214 Va. 667, 670-71 (1974))); *Vital Link, Inc. v. Hope*, 69 Va. App. 43, 59 (2018) (noting that the effect of a final judgment "is not only to conclude the parties as to every question actually raised and decided, but as to every claim which properly belonged to the subject of litigation and which the parties, by the exercise of reasonable diligence, *might have raised* at the time"[6] (emphasis added) (quoting *Smith v. Holland*, 124 Va. 663, 666 (1919))); *see also* Sinclair, *supra*, § 11.2, at 248-49 (noting that "[b]ecause what could have been brought in the former suit should have been brought, the merger-bar principle of claim preclusion depend[s] on the

---

[6] *See also Might*, *Webster's Third New International Dictionary* (1993) (expressing "possibility in the past").

procedural constraints on the first suit"; thus, a second suit is permitted only if the later-asserted claim could not have been "raised in the earlier trial or, if it could have been raised, but at an unacceptably high juristic cost" such as loss of right to a jury). Because the circuit court applied the correct legal standard in its res judicata analysis, we reject Henderson's argument.[7]

C. <u>Denial of a Jury Trial</u>

Henderson argues that the circuit court erred in denying his demand for a jury trial on the plea in bar. He contends that he should have been allowed to "present evidence that would have disproved [the circuit court's] erroneous inference" that there was no indication the federal court "'would have declined to exercise jurisdiction in this case and . . . [it] likely would have exercised such jurisdiction.'" Henderson maintains that based on certain facts proffered in his brief, which he would have presented to a jury, the "jury could [have] reasonably infer[red] . . . that the federal court had the opportunity to exercise jurisdiction over [his] claim . . . but declined to do so."

"If the facts underlying [a] plea in bar are contested, a party may demand that a jury decide the factual issues raised by the plea." *Hawthorne*, 279 Va. at 577. Henderson's argument is that the circuit court erred in sustaining the plea in bar without giving him an opportunity to present his own evidence on a particular issue, and thus the question is whether the circuit court erred in not allowing Henderson to present certain evidence. And it is well established that a "trial court's exercise of its discretion in determining whether to admit or exclude evidence will not be overturned on appeal absent evidence that the trial court abused that discretion." *Townes*

---

[7] In making his argument, both on brief and at oral argument before this Court, Henderson relies in particular on comment e to the Restatement (Second) of Judgments § 25 (Am. L. Inst. 1982). He maintains that "the words of the Restatement [comment]" provide that the proper analysis is whether the federal court "'clearly' would have exercised jurisdiction over [his] state law claims." But such commentary on a common-law treatise, while informative to this Court, is not binding authority.

- 13 -

*v. Va. St. Bd. of Elections*, 299 Va. 34, 48 (2020) (quoting *May v. Caruso*, 264 Va. 358, 362 (2002)).

Here, the circuit court found that there were no "material facts contested by the parties relevant to this plea in bar" and denied Henderson's jury trial demand. We need not consider the correctness of the court's finding, however, because Henderson's demand for a jury was fundamentally improper. This is so because Henderson sought to present evidence to a jury so that the jury might resolve a question concerning the exercise of federal supplemental jurisdiction. But "[j]urisdictional issues are questions of law," *McClary v. Jenkins*, 299 Va. 216, 222 (2020), and "[q]uestions of law lie within the sole province of the court," *Fitzgerald v. Commonwealth*, 249 Va. 299, 305 (1995). "[I]indeed, [it is] a maxim of the law, almost coeval with the institution of juries, that it is the office of the judge to respond as to the law, and the jury as to the facts." *Fitzgerald*, 249 Va. at 305 (quoting *Brown v. Commonwealth*, 86 Va. 466, 471 (1890)); *see also Picket v. Morris*, 2 Va. (2 Wash.) 255, 267 (1796) (Wickham, J.) (holding that the trial court acted improperly when it effectively "submitt[ed] to the decision of the jury, a legal question which it was the duty of the court to have determined"); *Monday v. Oliver*, 215 Va. 748, 751 (1975) (noting the distinction between "questions of fact for the jury and . . . questions of law for the trial court"); *cf. Vay v. Commonwealth*, 67 Va. App. 236, 255 (2017) (recognizing "that there are certain issues for which a jury instruction can never be appropriate because they represent questions of law that the trial court, and not the jury, must resolve"). Accordingly, because Henderson demanded a jury to hear evidence to resolve a legal rather than a factual question, and thus to usurp the circuit court's role, there was no abuse of discretion by the circuit court in denying Henderson's jury demand.

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court granting McClain's plea in bar on grounds of res judicata.

*Affirmed.*